BENJAMIN H. BAYLISS, Respondent, *v.* WILLIAM COCKCROFT, Impleaded, etc., Appellant.

In an action upon a promissory note, where the defense was usury, *i. e.*, that the note was executed by defendant for the accommodation of the payee and was transferred by him at a usurious rate of interest, there was no finding, or request to find, that the note was accommodation paper, upon which question the evidence was conflicting; but the referee found that it was duly made and delivered to the payee and by him duly indorsed to plaintiff before maturity; to these findings there were no exceptions. *Held*, that this court had no right, for the purpose of reversing the judgment, to find that the note was not business paper; that, *prima facie*, the note was given for value, and the burden was upon defendant to prove the defect alleged.

The note in suit was without interest; it was transferred to plaintiff, together with twelve other notes which were business paper, at the same time and as one transaction, at a discount from the aggregate amount of the notes greater than legal interest. There was evidence tending to show that there was a difference in the value of the notes, some being poor and considered worth but little, while that of the defendant was good, and it was talked that a greater discount should be made upon the former. *Held*, that the inference was proper that plaintiff did not deduct from defendant's note at the same rate as from the others; and that as there were no facts from which the referee could say, with the needed legal precision, what was the rate, he could not say it was greater than the lawful rate; and that, therefore, a finding that there was no usury was justified.

Where testimony is offered, which taken alone is incompetent, but which may be made competent by other evidence, and this the party offering it promises to produce, the reception of it at the time is not error, and if the party fails to produce the promised evidence, the opposite party, to save his point, must move to strike out the testimony before the close of the case.

Upon the cross-examination of the payee of the note, who was called by plaintiff to prove that the note was an accommodation one, evidence was received under objection and exception that he had negotiated other notes of the defendant, which he stated at the time to be business paper. *Held*, no error; also, *held*, that evidence of the transfer of other similar notes, to which were attached written declarations of defendant that they were business paper, was competent.

After the receipt in evidence of written certificates signed by defendant and the payee, attached to other similar paper to the effect that they were business paper, plaintiff was allowed to prove, under objection and exception, statements of the payee when transferring the paper to the same effect as the certificates. *Held*, that if erroneous, the error could have done no harm, as it was but a repetition, in a feebler way, of the declarations furnished by defendant to the payee to be used by him.

Plaintiff was allowed to testify, under objection and exception, that he believed in the truth of a certificate required of and given by defendant to the effect that the note in suit was business paper, and that he had no intention to use it to evade the statute of usury. *Held*, no error.

A chattel mortgage, executed by the firm of which F., the payee of the note, was a member, to defendant, conditioned for the payment of a sum of money absolutely, was offered in evidence; this was objected to as irrelevant and immaterial; the objection was overruled. *Held*, no error; that it was competent, if connected with the note in suit, as if given for it, it was a good consideration, and if plaintiff failed to make such connection, defendant should have moved to strike it out.

*Dowe* v. *Schutt*, (2 Denio, 621), distinguished.

(Argued May 31, 1880; decided June 8, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of the plaintiff entered upon the report of a referee.

The nature of the action and the facts appear sufficiently in the opinion.

*E. N. Taft* for appellant. The finding, that the note was not delivered or received upon any usurious agreement, and that no usurious interest was reserved or received thereon, being wholly without evidence to support it, was error of law. (*Matthews* v. *Coe*, 49 N. Y. 57; *Mason* v. *Lord*, 40 id. 477.) The note in suit was an accommodation note, and had no inception as a note previous to the sale to the plaintiff. (*Powell* v. *Waters*, 8 Cow. 669.) The sale of such a note at a greater discount than at the rate of seven per cent interest per annum is usurious. (*Catlin* v. *Gunter*, 11 N. Y. 368; *Bossange* v. *Ross*, 29 Barb. 576; *Williams* v. *Storm*, 2 Duer, 52; *Dowe* v. *Schutt*, 2 Denio, 621; *Wilcox* v. *Howell*, 44 N. Y. 398.) The plaintiff had notice that this note was an accommodation note, and the certificate consequently constituted no estoppel. (*Wilcox* v. *Howell*, 44 N. Y. 398.) There is no estoppel for the reason that the discount of the notes was agreed upon and Fellows received all the consideration, but $750, before the certificate was given or even made. (*Payne* v. *Burnham*, 62 N. Y. 69, 73.) No representations made by Fellows, the payee of the note, could operate to create an estoppel as against the defendant. (*Jackson* v. *Fassitt*, 12 Abb. Pr. 281; 33 Barb. 645.) The evidence respecting other notes and certificates of defendant was wholly irrelevant and immaterial, and should have been excluded. (*Dowe* v. *Schutt*, 2 Den. 621; *Hall* v. *Ernest*, 36 Barb. 585, 588; *Eastman* v. *Shaw*, 65 N. Y. 522, 528–9; *Jackson* v. *Fassitt*, 12 Abb. Pr. 281.) The mortgage admitted in evidence was equally irrelevant and immaterial. (*Dowe* v. *Schutt*, 2 Den. 621; *Hall* v. *Ernest*, 36 Barb. 585, 588.) The testimony of plaintiff, as to what was the state of his mind, and what was his intent, was incompetent. (*Fiedler* v. *Darrin*, 50 N. Y. 443.) If there was an estoppel

by reason of the certificate, then the estoppel would not operate on any thing that was done previous to the time of the delivery of the certificate to plaintiff, and the force of the estoppel would not be such as to entitle the plaintiff to recover the full amount of the note, but only to indemnity for what he did after that time. (*Payne* v. *Burnham*, 62 N. Y. 69, 73, 74.)

*James C. Cloyd* for respondent. The party seeking the benefit of the defense of usury is bound, to plead the precise usury, and to prove the allegation as made. (*Nat. Bank of Metropolis* v. *Orcutt*, 48 Barb. 256; *Gould* v. *Horner*, 12 id. 601; *Manning* v. *Tyler*, 21 N. Y. 567; *Banks* v. *Van Antwerp*, 15 How. Pr. 29; *Watson* v. *Bailey*, 2 Duer, 509.) The acts of the agent in this case bound the principal. (*Fergueson* v. *Hamilton*, 35 Barb. 427; Story on Agency, §§ 134, 137; *Elwell* v. *Chamberlain*, 2 Bosw. 230; *Nelson* v. *Cowing*, 6 Hill, 336; *Ahern* v. *Goodspeed*, 72 N. Y. 108.) Defendant is estopped by his certificate from denying that the note in suit is a business note, to which there is no defense either in law or in equity. (*Wilcox* v. *Howell*, 44 N. Y. 398; *Muller* v. *Ponder*, 55 id. 325; *Dow* v. *Schutt*, 2 Denio, 621; *Cont. N. Bank* v. *N. Bank of Commonwealth*, 50 N.Y. 575; *Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.*, 13 id. 599, 622; *Smyth* v. *Monroe*, 19 Hun, 550.) The finding of the referee that there was no usury is conclusive, as much as would be the verdict of a jury, and will not be reviewed by this court. (*Bears* v. *Copley*, 10 N. Y. 93; *Davis* v. *Allen*, 3 id. 168; *Woodin* v. *Foster*, 16 Barb. 146; *Hasman* v. *Hoboken Land & Imp. Co.*, 50 N. Y. 53; *Ernst* v. *Hudson R. R. R. Co.*, 24 How. Pr. 24; *Dunn* v. *People*, 29 N. Y. 523; Code of Civil Procedure, § 1337.) This Court will not consider the question of usurious intent, the same not having been found by the referee. (*Haughwout* v. *Garrison*, 69 N. Y. 339; *Cady* v. *Allen*, 18 id. 573; *Lockwood* v. *Thorne*, 11 id. 170.) There was no error in reference to the admission or rejection of evidence at the trial. (*Garlinghouse* v. *Whitwell*, 51 Barb. 288; *Maloney* v. *Horan*, 49 N. Y. 111; *Van Duzen*

v. *Sweet*, 51 id. 378; *Brown* v. *Champlin*, 66 id. 214; *Wright* v. *Douglass*, 10 Barb. 97; *Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.*, 13 N. Y. 622.)

FOLGER, Ch. J. This is an action on a promissory note. The defense is that of usury. The note was made by the defendant to the order of Robert Fellows as payee, and delivered by the defendant to Fellows, who passed it to the plaintiff. It is claimed that it was an accommodation note, and that it never had legal inception before it came to the hand of the plaintiff. There is no explicit finding by the referee upon this point. What findings there are, are against this claim in their tendency. Thus, the referee finds that the note was duly made and executed, was duly delivered to the payee Fellows, duly indorsed by the latter, and so indorsed delivered by him to the plaintiff for value before maturity, and that the plaintiff is the owner and holder of it. There is no exception to these findings; nor is there any request to find that this note was an accommodation note, not having inception at the time it passed to the plaintiff. The only testimony that it was of that character came from Fellows, who testified that he received the note from the maker, that the latter told him to have it discounted for his accommodation on his asking it for that purpose, and that there was no consideration between them. This was all the direct testimony to show that the note was an accommodation note. If unchallenged and believed, it would be enough for that purpose. But there was testimony in opposition. There was the written declaration of the defendant, made and signed by him, that the note was a business note, and that there was no defense to the same, either in law or equity. Here was a conflict between the testimony of Fellows and the declarations of the defendant. If the referee thought the declaration of the defendant was true, and that the testimony of Fellows was untrue or mistaken, he had a right to rest upon the declaration, and to conclude that the note was a business note. We have not the right, there being such conflict in the evidence, to find that the note was not

a business note and to reverse the judgment of the referee, upon our deduction from the testimony of a fact that he did not find nor was asked to find. Besides this conflict with the testimony of Fellows, there was other evidence in the case that tended to weaken his credibility. It appeared that he had passed other notes made by the defendant to Fellows or his firm, or indorsed by the defendant for him or it; and that accompanying them, or some of them, when passed, were certificates signed by the defendant and by Fellows that the notes were business notes. It was testified to that Fellows said, when he offered this note for sale, that the defendant was about to put his son into business with Fellows, and that it was all going into the business. It may be — we may not, in the shape in which the case comes to us, say that it was not so — that the referee did not give credence to Fellows, and that, as there was no testimony to the character of the note but from Fellows, did not find that the note was not a business note. As said before, we may not now make that finding, as a basis for reversing the judgment rendered by the referee. *Prima facie*, the note was given for value by the defendant, and the burden was on him to prove the congenital defect alleged.

But we need not rest this part of the case here. The allegation of usury is based upon the following facts: The note in suit was passed by Fellows to the plaintiff, at the same time and as one act, with twelve other notes, which are conceded to have been regular business paper. The batch amounted to $2,386.60. The price paid for them, in money and in notes, for which Fellows was in some way liable, was $2,000. This was a discount largely above the rate of seven per centum per annum. Now if there was no fact in the transaction but these, we would not be able to say that a part of this large deduction was not made from the note in suit; nor that it was not a proportionate part; and then it would appear that the plaintiff reserved upon this note interest at a larger rate than seven per centum per annum. Where a parcel of chattels or choses-in-action has been sold together for a gross sum, *prima facie* the price paid was in part for each one of the parcel; and we would

be bound to say that a part of the gross sum was paid for each one of the parcel, in such ratio to the whole price paid as the apparent value of each bore to the apparent value of the whole. And if it resulted therefrom that the price thus found to have been paid for any one of the parcels brought the transaction as to it within the purview of a prohibitory law, we would be bound to hold that there was a violation of that law as to that one, and that the ordained penalty had been incurred. But this *prima facie* conclusion might be avoided by showing that, in fact, the gross sum was not thus to be applied; that there was a difference in value of the individuals of the parcel, and that thus the price paid for one came so near to its apparent value as that there was no violation of law. It was possible for the referee so to look upon this case; or rather it was possible for him to say from the testimony that the defendant had not satisfactorily proven that the gross deduction of $2,000 was taken ratably from each of the notes sold. It appeared from the testimony of the witness Durfy, who went between Fellows and the plaintiff, that he told the plaintiff that some of the notes were poor, and that on them he ought to make a pretty big discount; that the note of the defendant he knew all about; that it was good; that he had bought it and taken off only five per cent; that the other paper he must buy, but so that he would not pay a great deal for two or three pieces of it. The referee might find here, we might say he could not help but find here, that the inference was easy that the plaintiff did not deduct from the note of the defendant at the same rate that he did from the others. If not at that rate, then at what rate? Where are the facts from which the referee could say with needed legal precision what was the rate? And if he could not say what was the rate, he could not say that it was greater than at the lawful rate. The note in suit by the terms of it was not on interest; so the plaintiff had a right to reserve, from the price of it, what would be a lawful discount. Now it was upon the defendant to show the referee the facts from which usury arose, if usury existed, and that the plaintiff took from this note more than a legal discount. He failed to do so.

Hence the whole evidence in the case does not belie the finding of the referee that the note was not delivered to nor received by the plaintiff, upon a corrupt or usurious agreement, and that the plaintiff did not reserve or receive any usurious or illegal interest. We do not deny but that there is in the evidence in the case from which it may be argued otherwise. We need not give it in detail. That, however, is conflicting, not conclusive evidence. It was the duty of the referee to weigh it with the other and say which kicked the beam. He has done so, we must assume.

Upon the merits, then, the case, in our judgment, is with the plaintiff. It is now to be seen whether there were errors done on the trial so material as to call for a new trial.

We have spoken of the evidence that Fellows negotiated other notes. So far as it was brought out on his cross-examination, clearly there was no error in taking it. Whether this note was an accommodation note rested solely on his testimony, and it was competent to show by him his own declaration, in regard to like notes, by way of weakening his credibility. It may be that it would not have been proper to have contradicted him in what he said as a mode of impeachment. But there was not this attempt. What was drawn from him, though it may not have been so relevant as to warrant contradiction of him thereon by other witnesses, was a legitimate cross-examination. Moreover, at the time the evidence was taken, the plaintiff professed to the court that he meant to connect it afterward with a reason and consideration for making all these notes. The court was not in error in taking this part of the evidence in this order. If the plaintiff failed to thus connect, the defendant, to save his point, should have moved to strike out the testimony before the close of the case. Moreover, the certificates put to the notes, or some of them, were declarations of the defendant, made in a series of dealings with Fellows, of which the note in suit was a part, and were competent for that reason.

The testimony of the witness Ahearn was in the main to the same effect; in that he spoke to the transfer of the notes

made by the defendant, with which went the written declarations of the defendant that they were business notes. Ahearn was allowed to tell what Fellows said when passing the notes to him. This was objected to on the ground that what he said out of earshot of the defendant could not be taken to affect the latter. If this be granted, we do not see that it harmed the defendant. There was abundant proof of Fellows' declarations at the same time to that end, in which the defendant had a part. Those declarations were in writing, signed by the defendant and by Fellows, and going with the notes passed to Ahearn. The oral testimony was a repetition, in a weaker way, of what was proved, beyond contradiction, by the signature of the defendant and of Fellows to a declaration furnished by the defendant to Fellows to be used by him. A feebler repetition did not harm.

It is urged that it was error to permit the plaintiff to speak of his belief in the truth of the certificate required of and given by defendant after the transfer of the note in suit, to the effect that it was business paper, and that he had no purpose or intent to use it to evade the statute of usury. We do not encourage the reception of this kind of testimony; yet we know that parties have been permitted to speak as to their mental operations in the doing of an act that is called in question, where the intent with which it is done serves to characterize it. (*McKown* v. *Hunter*, 30 N. Y. 625; *Thurston* v. *Cornell*, 38 id. 281; *Bedell* v. *Chase*, 34 id. 386.) One of those cases (38 N. Y.) was concerned with a defense of usury, and the plaintiff was allowed to speak of her intent in the matter. In *Dillon* v. *Anderson* (43 N. Y. 231) we called it an extreme case, which we were not willing to extend; but we did not otherwise shake the authority of it. In *Fiedler* v. *Darrin* (50 N. Y. 437), the case is cited without disapproval. In the case in hand, the circumstances are such as that the testimony was not improperly received, under the decision in 38 N. Y., *supra.*

The referee received in evidence a chattel mortgage from the firm, of which Fellows was a member, to the defendant. The objection made was that it was irrelevant and immaterial.

From the case cited on argument here (*Dowe* v. *Schutt*, 2 Denio, 621), it seems that the reason of the objection was that the instrument had no tendency to show that it was a consideration for the giving of the note in suit or of any notes. It was not, by other testimony, connected with any of them. It was offered in the same current of testimony as that given to show the passing of this note and other notes by Fellows as business notes, and may have been — probably was — received by the referee under the statement of purpose by plaintiff, which we have already noticed. In this view, it was not objectionable at the time it was received, unless it is condemned by the case last cited; and the course of the defendant, when the plaintiff failed to give connecting testimony, was to have moved to strike it out. We do not think that the case cited condemns it. It is there held that when security is given to the maker of an accommodation note that it will be paid when it falls due, he is not shut out from maintaining that the note was without legal inception when it left his hands, and may show that it was passed off by the payee at a usurious discount. It does not appear on the face of the mortgage, in the case in hand, that it was given to the defendant as security against loss by him on an undertaking made by him. It provides for the absolute payment to him of a considerable sum of money. There is nothing in the terms of it that would save from sale the property described in it, except the payment of that sum to the defendant, so that if it was connected with the notes, by having been given for them, it was the exchange of one valuable thing for others. The opinion of BEARDSLEY, J., in the case cited, recognizes that the exchange of notes, without other consideration than the reciprocal promises to pay made in them, make them valid obligations, having then a legal inception. (*Cameron* v. *Chappell*, 24 Wend. 94.) They are each property, and each is the valuable consideration for the others. That principle would have applied here, had the mortgage been connected with the notes, unless it had likewise appeared that it was given as security also. We think that it was not error to receive it in evidence under the proposal of the plaintiff.

The question to Durfy, whether the plaintiff said he would leave it to his judgment whether the purchase of these notes was a good one, was not objectionable. The defendant, on cross-examination of Durfy, had sought to show that Durfy was the agent of the plaintiff, and this question was put to show that he was not an agent but an adviser.

We do not find error that calls upon us to reverse the judgment.

All concur, except MILLER, J., not voting.

Judgment affirmed.