Bockes, J.
This is an appeal by the defendant from a judgment against him herein for $2,000 and costs, rendered on the verdict of a jury; also from an order denying a motion to set aside the verdict and for a new trial, made on the judge’s minutes.
The action was trover for the conversion of property contained in or appertaining to three mills theretofore occupied by the plaintiff, consisting of a boiler, engine, water wheels, gearing, shafting, machinery, etc., used in the mills and on the premises in the manufacture of knit goods and shoddy.
It was made to appear that in 1879 Margaret L. Maxwell, the then owner of the premises on which the mill building stood, executed a mortgage thereon to_ Davis W. Sheeler; which mortgage was foreclosed by action in this *789 court; that in June, 1885, the defendant became the purchaser of the premises under the decree of sale in such action, received his deed pursuant thereto and was put in possession thereunder. At the time of the sale and prior thereto the property in controversy was in the mill buildings, where it had been and then was in use by the plaintiff for manufacturing purposes. The defendant claimed that such part of the property, as he refused to surrender, consisted of fixtures belonging to the freehold and became his property under his purchase on the foreclosure sale.
The plaintiff claimed to make title to the property on the following facts: That in February, 1884, it succeeded, through mesne conveyances, to the title of Margaret L. Maxwell in and to the real estate with the driving power and manufacturing apparatus situated thereon and used therewith, began its use in manufacturing knit goods and shoddy in April of that year, continued such use, adding-somewhat to the machinery and apparatus, until December thirtieth of the same year (1884), when it executed to Samuel Blaisdell, Jr., & Co., a chattel mortgage of all the machinery, gearing, shafting, etc., contained in or in anywise connected with the mills, the description of which mortgaged property included that here in controversy. This mortgage was given to secure the payment of four promissory notes, and renewals of them, bearing even date therewith, made by the plaintiff; one for $2,624.31, at one month; one for $2,537.61 at two months; one for $2,814.09 at three months, and the other for $2,989.77 at four months. This mortgage was not foreclosed, nor did Blaisdell & Co. take possession of the mortgaged property under it; but on the 19th of January, 1886, that firm assigned the mortgage to William Warner, who four days thereafter (January 23, 1886), assigned to the plaintiff all his “ right, title and interest in and to all shafting, pulleys, hangers, steam and water pipe and fixtures, and all fixtures or personal property affixed in the mills formerly occupied by said, the Phoenix mills, at Rock City, said title and interest growing out of a certain chattel mortgage made by said Phoenix Mills to S. Blaisdell, Jr. & Co.” Now, on the trial, the plaintiff claimed to mafe title under this mortgage, made by itself, and, as above, assigned to itself. This anomalous position was maintained at the trial, and is now insisted on by the respondent’s counsel on this appeal. He says in his brief: “ The plaintiff derived title to the personal property in suit, under a chattel mortgage given to S. Blaisdell & Co. by the then owner of the same;” that is, by the plaintiff, the Phoenix Mills. So, also, the case was sent to the jury under instruction by the court to the same effect. But did the plaintiff, the Phoenix Mills, mortgagor, get any *790 title to the property mortgaged by it under an assignment, and transfer to itself by the mortgagees of their own right, title and interest therein, under the mortgages? Clearly not. The assignment to the plaintiff, the mortgagor, by Warner, who held the position of mortgagee, operated simply as a release and discharge of the mortgage lien. This proceeding simply restored the plaintiff to its original rights, as respects the title to the property held by it when the mortgage was given. The position maintained at the trial, and under which the recovery was had—that by the assignment to Warner, and his assignment to the plaintiff, the latter might wield the mortgage to its own advantage in making title to itself—was an erroneous one.
But it may be suggested that admitting this, the defendant was not injured by the error; and for the reason that the property here in dispute, is situated and used in the mills, was not in fact or law fixtures, which would pass by deed of the realty as part of, or belonging to the freehold, and is irrespective of the mortgage as a source of plaintiff’s title. It seems, however, to have been taken as admitted on the trial, that most, if not all of the property here in dispute, was, as situated and used in the mills, part and parcel of the freehold; but that the plaintiff might show as against the defendant, that although fixtures in fact and law, it was by this mortgage severed from the freehold, under the doctrine that the owner of the real estate may make a severance, thereafter to be regarded and deemed as personal property, of that which without the severance would be indisputably part of the freehold. This is admissible as between the parties to the transaction, and such action, would under the decisions, be held operative and binding upon the rights of a subsequent grantee or mortgagee of the freehold; but not so as to the rights of a prior mortgagee of the premises whose lien would be thereby impaired. A mortgagee of real property is entitled to have his lien respected as to all that was realty when he accepted the security; also as to all accession to the realty; save perhaps when the accession is made under an agreement with a party that its purchase price or expense shall be secured and is secured by a hen thereon. Such lien so agreed upon and perfected would, in right and equity, be paramount to that of a prior mortgagee of the freehold, and so the cases hold. But in the absence of such security on the accession, the prior lienor must have the benefit of the accession under his lien. Now how stands this case in this respect. Even if it be proved or admitted that the chattel mortgage given by the plaintiff to S. Blaisdell, Jr., & Co., was to secure payment for an accession to the freehold, then it will be observed that this mortgage lien upon the property has been *791 released and discharged; and this fact leaves the case to stand, between the parties to this action, as if such mortgage had not been given. This being so the rights of the parties herein should be determined as a question between grantor and grantee of real estate, with no embarrassment from a question of alleged severance, as was permitted on the trial. In law the plaintiff here held the position of grantor, and the defendant that of grantee. Now, suppose the plaintiff (the mortgage to S. Blaisdell, Jr., & Co., being out of the way), had on the 31st of December, 1884, or on some subsequent day, while yet owner, deeded the premises to the defendant by metes and bounds, but without any reference, in terms, to the machinery and manufacturing apparatus on it and used with it, would such conveyance have carried with it as part of the freehold, the property here in question? If it would have done so the plaintiff cannot recover, for in that case the property would pass to the defendant under the conveyance to him. Such is the question here, and the only one for trial, and it should be tried under no embarrassment from proof submitted on an improper, misleading issue. The tests to be applied in a case like the present, are well stated in Voorhees v. McGinnis (48 N. Y., 282): one is whether the annexation of the property to the freehold is of a permanent character; another is its adaptability to the use of the freehold; and yet another is the intention of the party at the time of making the annexation; not that each and every of these tests should be in fact established in order to fix the property as part and parcel of the freehold; but that the case should be examined in view of such tests. It is certainly very questionble whether the first two tests are not, each of them, well answered by the proof in the case, and the proof applicable to all of the tests seems intensified somewhat by the fact that Warner under the authority of the mortgagee himself, took away all the property referred to in the mortgage, which he felt disposed to remove, in view of a probable law-suit for taking that which belonged to the freehold.
There was error also in rulings as to the admission of evidence. The president of the plaintiff’s corporation was permitted, against objection and exception, to testify, in effect, that it was not his intention in putting the property in the mills to make it an annexation to the freehold. This was error. Dillon v. Anderson, 43 N. Y., 231, 236. In general, the intent with which an act is done is to be determined by the jury from the facts and circumstances surrounding the particular case; so in such case the witness should not be allowed to testify to his secret, uncommunicated intention. An exception to this rule exists when the legality or illegality of the act is made to depend upon the
*792 specific intent with which it was done—as in the case of conveyances declared by the statute to be void when made with fraudulent intent; so in the case of usury declared illegal by law. But as was said in Bayliss v. Cockcroft (81 N. Y., 371), the admission of this kind of evidence is not to be encouraged; and further, that the case of usury presented the extreme to which the exception should be permitted to extend. The evidence as to intent here objected to was not admissible, and should have been excluded. So also the evidence admitted against objection and exception, to the effect that the property could be removed without injury to the real estate, wTas improperly allowed. It was for the jury to determine this fact on consideration of the case on the proof submitted; and the same may be said as to the evidence admitted against exception, that the plaintiff was the owner of the property at the time it was demanded and its surrender refused. This was just what the jury was empanelled to try and determine from the proof. A copy of the chattel mortgage, under which the plaintiff made claim to the property, filed in the town clerk’s office, was admitted in evidence against exception, on the certificate of that officer, made pursuant to section 934 of the Code of Civil Procedure, without proof of the existence and due execution of the original. This also was error. Sunderlin v. Wyman, 10 Hun, 493; Fellows v. Van Hyring, 23 How., 230; Bissell v. Pearce, N. Y., 252. The certificate of the town clerk went only to the filing of the paper in his office.
There were exceptions entered to other rulings on questions of evidence, which, under our conclusion that there must be a new trial because of the errors above considered, we need not examine.
Judgment and order appealed from reversed; new trial granted; costs to abide the event.
Learned, P. J., concurs.