Argued March 29; decided April 8, 1895.

## KLAMATH DITCH COMPANY *v.* REAM.

### LITTLE KLAMATH WATER DITCH COMPANY *v.* REAM.
[39 Pac. 998.]

1. MOTION TO STRIKE OUT EVIDENCE—PRACTICE.—Evidence which, taken alone, is incompetent, admitted under objection on the assurance of proof of other facts that will render it competent, should be striken out on motion where the promise is not kept, and a refusal so to do is reversible error.

2. ASSUMPSIT.— In an action for water furnished for irrigation and domestic purposes, evidence that it was furnished to defendants' grantor, that defendants under the deed assumed certain debts of the grantor, and took an assignment of a claim due him for grain sold, will not support an allegation that the water was furnished at defendants' special instance and request.

APPEAL from Klamath: W. C. HALE, Judge.

The Little Klamath Water Ditch Company, a corporation engaged in the business of furnishing water for irrigation and domestic purposes for hire, brought this action against B. Ream and E. J. Rohrer, and as cause thereof alleged that between the first day of May and the first day of September, eighteen hundred and ninety, it sold and furnished to them, at their special instance and request, water for irrigation and other purposes, of the reasonable value of six hundred and fifty-five dollars, no part of which had been sold. The defendants denied specifically all the allegations of the complaint, and upon the issues thus made the cause was tried before a jury, resulting in a verdict and judgment in favor of the plaintiff for the sum of four hundred dollars, from which defendants appeal, assigning error in overruling their motion to strike out the evidence of plaintiff.

To maintain the issues on its part the plaintiff called

one Edgar Ball, who, after testifying that during eighteen hundred and ninety he owned and occupied the farm upon which the water was used, and that such farm was then under mortgage to the defendants, and was subsequently conveyed to them in satisfaction thereof, was asked by counsel for plaintiff the following questions: "Was there any grain raised on that ranch that year?" and "Was there any water used on the ranch from the Little Klamath Water Company's ditch that year?" To each of these questions defendants objected, because they were immaterial and irrelevant, and the evidence sought to be elicited thereby would not in any way tend to support the allegations of the complaint, or show that the water was furnished at the instance and request or for the use or benefit of the defendants, or on their credit; whereupon counsel for plaintiff stated to the court that he would subsequently so connect the defendants with the use of the water as to render the evidence offered relevant. Upon this statement the court overruled the objection, and the witness was permitted to answer. Similar objections were made and like rulings had to questions to the same effect propounded to other witnesses for plaintiff. The plaintiff then proceeded with its evidence, at the close of which defendants moved to strike out all the testimony having reference to the water furnished by plaintiff to Edgar Ball during the year eighteen hundred and ninety, because plaintiff had failed to connect the defendants or either of them with said Ball in the hire or use thereof, and that such evidence had no relevancy to the allegations of the complaint. This motion was overruled and such ruling is now relied upon for a reversal of the judgment.                                   REVERSED.

For appellants there was a brief and an oral argument by *Mr. N. B. Knight.*

. For respondent there was a brief by *Messrs. Carey, Idleman, Mays and Webster,* and an oral argument by *Mr. Lionel R. Webster.*

Opinion by MR. CHIEF JUSTICE BEAN.

1.   The general rule is that an order of the trial court overruling a motion to strike out testimony which has been admitted without objection is not assignable error, (1 Thompson on Trials, § 716; Baylies' Trial Practice, § 21,) but where evidence which, taken alone, is incompetent, is offered and admitted under objection, on the assurance of counsel that it will be followed by proof of other facts which will render it relevant and competent, and this promise is not kept, it is error to overrule a motion subsequently made to strike it out: *Dillin* v. *People,* 8 Mich. 357; *Zell* v. *Commonwealth,* 94 Pa. St. 258; *Bayliss* v. *Cockcroft,* 81 N. Y. 363; 1 Thompson on Trials, § 716.   Now, the evidence sought to be elicited by the questions to the witness Ball, that plaintiff furnished water for use on a farm owned by him, was clearly irrelevant to any issue in this case without proof of other facts tending to connect the defendants with its use in such a way as to render them liable for its value.   Unless, therefore, such evidence was subsequently given by the plaintiff, the objection of defendants was well taken, and, being renewed by a motion to strike out, should have been sustained.

2.   We are then under the necessity of examining the record to ascertain whether the evidence for plaintiff tended in any way to show a liability on the part of the defendants for the water furnished and used on the Ball Ranch in eighteen hundred and ninety.   If it did not, plaintiff's promise to render the evidence objected to relevant was not kept, and a motion to strike was well taken. We have carefully examined the record but failed to find

any evidence whatever tending to show that the defendants are in any way liable for the debt sued for in this action.    The water was furnished to Ball at his request, for his own use, on his own credit, and, so far as the record shows, without the knowledge of the defendants, and certainly without their authority or direction.    They did not own the farm upon which it was used, nor had they any control over it, but it belonged to Ball, who managed and controlled it, contracted all debts and obligations incurred in its management, bought the water in question, and sold and disposed of the grain raised thereon.    The fact that in January, eighteen hundred and ninety-one, the farm was conveyed to the defendants to satisfy a debt secured by the mortgage which they held against it, and that the balance due Ball for grain sold by him was assigned to them, and that as a part of the contract or arrangement they assumed and agreed to pay certain debts of Ball, does not make them liable in this action for the debt of plaintiff which they did not assume. The theory of plaintiff seems to be that because Ball, long after his indebtedness to plaintiff was contracted, conveyed his farm to the defendants, and at the same time assigned to them the balance due him for grain sold, they are liable for all his outstanding obligations whether they agreed to pay them or not.    This theory finds no support in law.    It follows that the court erred in overruling defendants' motion to strike out the testimony, and the judgment must be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.        .        REVERSED.