## SUPREME COURT.

### · CHAPPEL agt. SKINNER.

In an action to recover possession of personal property, the plaintiff can not
have the defendant arrested and held to bail under § 179 of the Code, and
have the property delivered to him before judgment in the action.

He has his election to proceed under *chap.* 2, *title* 7 of the Code, to recover
possession of the property, or to recover damages for the taking or detention;
and having made his election he must abide by it. He can not commence his
action and hold the defendant to bail. and have a delivery of the property
too, pending the litigation.

*Monroe Special Term and Circuit, November* 1851. On the
8th day of October 1851, the plaintiff made an affidavit and ob-
tained an order from a justice of this court, directing the sheriff
of Monroe county to arrest the defendant and hold him to bail in
the sum of $600. &c. The affidavit stated in substance that the
plaintiff was the owner of certain personal property, describing
it, worth $300; that he was entitled to the possession thereof,
and that it was wrongfully detained by the defendant, upon cer-
tain pretences specified in the affidavit, and containing also the
allegations or statements required by § 207 of the Code, to entitle
the plaintiff to an immediate delivery of the property, and show-
ing also, that the defendant had clandestinely taken the property
away and concealed it, so that it could not be found by the sheriff.
The summons was served and the defendant arrested and gave
bail the same day.

On the 15th day of October, and before the defendant had an-
swered the complaint, the plaintiff made another affidavit similar
to the first, excepting the statement that the defendant had clan-
destinely taken the property away, &c., gave the undertaking
required by section 209, and made an endorsement on the affi-
davit according to § 208; upon delivery of which last mentioned
papers to the sheriff, the latter took the property from the defend-
ant, and has delivered the same to the plaintiff. A motion is
now made for an order vacating and setting aside the second
affidavit, undertaking and direction endorsed, upon which the

property was taken by the sheriff, and that the possession of the property be restored to the defendant.

W. F. COGGSWELL, *for the Motion.*

E. A. HOPKINS, *Opposed.*

WELLES, Justice·—The question in this case is, whether the plaintiff, in an action to recover the possession of personal property, can have the defendant arrested and held to bail under § 179 of the Code, and have the property delivered to him, before judgment in the same action?

The action to recover the possession of personal property, is one peculiar in its character and object. The Code has given it in place of the former action of replevin, and its design is to subserve the same purpose. It is regulated by ch. 2, of title 7 of the second part of the Code (§§ 206 to 217 inclusive). There are other provisions which have an incidental and collateral application to it. .

The first chapter of the same title contains provisions respecting arrest and bail in personal actions generally, and among them is the case mentioned in the 3d subdivision of § 179, which authorizes an arrest " in an action to recover the possession of personal property unjustly detained, where the property or any part thereof has been concealed, removed, or disposed of, so that it can not be found or taken by the sheriff, and with the intent that it should not be so found, or taken, or with the intent to deprive the plaintiff of the benefit thereof." That is the only provision authorizing the arrest of the defendant, in an action to recover possession of personal property. The first subdivision of the same section, authorizes the arrest of the defendant, where the action is for an injury to person or character, or for injury, or for wrongfully taking, detaining or converting property; by which is intended, an action to recover damages for such injury, taking, detaining, or converting; answering to our late actions of trespass, case, trespass *de bonis asportatis* and trover, and not an action to recover the possession of personal property.

Cases may arise, where the plaintiff has his election to proceed under ch. 2, title 7, to recover possession of the property, or to recover damages for the taking or detention; and, I think, in

this case, according to the plaintiff's affidavits, he had such election. Indeed, he would be entitled to such election in any case where he could proceed under chapter 2, to recover possession. But where he has once determined his election, he must abide by it, and is not at liberty afterwards to change his ground. He has not the right, as I think, to commence his action, and hold the defendant to bail, and afterwards have the property delivered to him. This would be oppressive to the defendant, and it seems to me was never contemplated or intended by the legislature.

The plaintiff's course was to have pursued the proceedings pointed out in chapter 2, above referred to, which do not authorize the defendant's arrest; and if the property could not be found, and the case is within the 3d subdivision of § 179, to obtain an order and have the defendant arrested; but in that case he can not afterwards obtain the possession of the property pending the action.

Having in this case elected to have the defendant arrested and held to bail in the first instance, under one of the subdivisions of § 179, I think the plaintiff was bound to wait until he was entitled by the judgment of the court to the possession of the property, before causing it to be delivered to him. I am not able to perceive that the defendant has done any thing by which he waived the right to have the property restored to him.

The motion must be granted, but without costs; as this is the first time, of which I am aware, that the question has arisen.

NOTE.—*Abbey agt. Abbey.* The Supreme Court at the last January general term (1852), in the second judicial district, dismissed an appeal in this action taken from an order at special term *granting temporary alimony.* The appeal was sought to be sustained upon the ground that the order granted a "*provisional remedy*" and was therefore appealable under § 349 of the Code. The court, MORSE, Justice, held that such an order was not a provisional remedy within the provisions of the Code; that it was no more appealable as a provisional remedy than as an order not involving the merits or some part thereof. It was of a class of orders which depended upon the discretion or favor of the court.

Another appeal in the same action, taken from an order granting an attachment for disobedience to the order for temporary alimony, was dismissed on the same grounds.