The defendant contends that both the order of arrest and the warrant of attachment issued in this case were irregular or illegal, so that the court ought to have set aside both, upon the ground that both remedies could not lawfully be allowed in the same suit. Upon his application to set aside both, the court at Special Term required the *Page 458 
plaintiff to elect which remedy it would retain, and upon its election to retain the arrest, ordered the warrant of attachment to be set aside. The plaintiff having acquiesced in this order and there being only the arrest left in force, the defendant cannot succeed in his appeal without establishing that both the order and the warrant were irregular as being beyond the power of the court to issue in the same suit; or else that upon the merits of the case the plaintiff was not entitled to the remedy by arrest, that being the only remedy now in force in its favor against the defendant. If the two processes could in any case coexist and the question whether both should be allowed was a question depending in any degree upon the discretion of the court, the defendant cannot complain, because that discretion has been exercised in his favor. From the opinion of the Special Term it appears that the question was deemed one of discretion rather than of power, and upon that ground an election was given to the the plaintiff to retain one of the proceedings which had been instituted. In my opinion, the court in thus deciding went quite as far in the defendant's favor as the law warranted. The Code of Procedure gives provisional remedies in certain defined cases. When the case of a party falls within the description his right to the remedy would seem to be complete. The matter is presented to a judge preliminarily in order that he may ascertain if a case is made out, and when it appears to him that a case exists in conformity with the law, if he is not bound to grant the remedy applied for it must be because some discretion has been vested in him to refuse it; or because, from the terms of the law or the nature of the provisions, there arises an implication as strong and distinct as a direct enactment that the two remedies are not to be employed in the same action. There are numerous cases in which an arrest may be made and an attachment cannot be granted, and others in which an attachment may issue and an arrest is not allowed. Yet this does not lead necessarily to the conclusion that the two remedies cannot both be availed of in the same case. On the contrary, the very fact that there are *Page 459 
cases which according to the terms of the Code fall alike under the description of cases in which arrest and attachment are respectively allowed, seems strongly to indicate that, in those cases, there is at least no absolute incongruity in both modes of proceeding in the same action; and that if a party may be confined to one or the other it can only be in virtue of a discretion in the court to prevent what may be, or may result in, oppression of the party against whom both forms of proceeding are asked.
The case of Chappel v. Skinner (6 How. Pr., 338) is not an authority in conflict with the views above stated. That was held to be an action for damages for wrongfully taking, detaining or converting property, and not an action to recover the possession of personal property. So considered, the plaintiff was held to be entitled to have the defendant arrested, under subdivision 1 of section 179 of the Code, as had been done, and therefore not entitled to claim the immediate delivery of the property, as in an action to recover the possession of personal property, under sections 206 and following. In the course of the opinion it was pointed out that the statute itself marked the distinction between the action to recover damages for the wrongful taking or detaining of property, and that to recover possession of personal property. The general words of subdivision 1 of section 179 having, therefore, no application to an action to recover the possession of personal property, it was necessary, if an arrest was to be allowed at all in such an action, that special provision should be made defining the cases in which it should be allowed. This has been done in the third subdivision. All the argument that can be drawn from it is, that the legislature has defined the cases in which an arrest may be had. It affords no inference that an arrest may not be had in any case falling within the terms of the statute.
The election which the plaintiff had, in the case cited, was between an action for damages with a right to an arrest under subdivision 1 of section 179, and an action to recover the possession of personal property with the right to claim its delivery, *Page 460 
and in case the property or any part of it had been concealed, removed or disposed of, so that it could not be found or taken by the sheriff, then to have an arrest under the third subdivision of the same section.
This case, certainly, affords no ground for saying that the party is not entitled to any and every remedy which the statute fairly interpreted gives him. Nor do I perceive that the analogies drawn from the practice anterior to the Code are of force sufficient to lead to the conclusion of absolute incompatibility between the remedies by arrest and attachment. In respect to mesne process the old practice afforded no ground of comparison. In final process there were cases where the body or the goods could be taken; but, the taking of the body was a satisfaction, as was also the taking of sufficient property, and therefore they were not allowed together. The principle was that double satisfaction should not be allowed. But this is a very different matter from process, the object of which is to obtain security that the defendant shall abide the event of the judgment either by his body or by his goods, or by both. It may be that the Supreme Court has a discretion to limit a party to the one or the other when either is ample or sufficient, in its judgment. Such a discretion has been exercised in this case, and we are not called upon to deny or affirm its existence. To avail the defendant he must maintain that arrest and attachment are so inconsistent in their nature that, where both are simultaneously allowed in proper form by a judge of the Supreme Court, they are both void from the beginning. We do not find in the argument derived from the statute, nor in any of the cases to which we have been referred, any warrant for this position. The cases in respect to mesne process, of which Brinley v. Allen
(3 Mass., 561); Miller v. Miller (25 Maine, 110), and Trafton v.Gardiner (39 id., 501) may be taken as fair instances, will be found to turn upon the form of the process in use in those States, the command of which is in the alternative, and of course excludes the enforcement of both branches of the command. These do not, in my judgment, *Page 461 
help the argument of the defendant. I am of opinion, therefore, that the two remedial processes allowed at the beginning of this suit did not each render the other void, and that, therefore, there was no error of which the defendant could complain in the order made at Special Term in this respect.
Upon the merits of the case very little need be said in addition to the opinion of Judge DANIELS, at Special Term. The responsibility of the defendant rests upon the fiduciary relation which he sustained to the railroad corporation plaintiff in this action. The device by which, through the medium of his connection with William Irvin Co., he procured and appropriated to his own use the $32,000, does not subtantially differ in its moral or legal aspects from that by which he procured and appropriated the other sum of $245,000. Both sums were thus obtained and appropriated in fraud of the plaintiffs — not technical and constructive merely, but actual — through the abuse of powers with which he had been intrusted for the advantage of the plaintiff, and which he perverted for his own advantage. The cases are all very strong in reprobation of such conduct, and exact of parties so situated the highest degree of faithfulness in action and of responsibility for misconduct. (Butts v.Wood, 38 Barb., 182, and 37 N.Y., 317; Cumberland Coal Co. v.Sherman, 30 Barb., 553; Gardner v. Ogden, 22 N.Y., 332;Gaskell v. Chambers, 26 Beavan, 252; Coleman v. SecondAvenue Railroad Co., 38 N.Y., 201; Port v. Russell,36 Ind., 60.)
In regard to the release alleged in the answer of the defendant, used by the plaintiff upon the motion to vacate the arrest, it appears to be infected with the same fraud which existed in the original dealings of the defendant with the plaintiff. Although read by the plaintiff it does not become conclusive evidence against it, but only competent to be considered in connection with the other matters before the court in disposing of the defendant's application. It should not affect the result, it appearing, upon the whole case, that the complaint *Page 462 
of the plaintiff is in all material respects sustained, and the defendant responsible, as alleged.
The order appealed from should be affirmed, with costs.
All concur.
Order affirmed.