MORRIS ROSEN, RESPONDENT, v. NATHAN STEIN AND OTHERS, APPELLANTS.

54h 179
60ad476

*Arrest, without probable cause, and for the purpose of enforcing a civil right — presumption of malice — charge as to.*

Where a party applies to a criminal court for the arrest of another, without probable cause and with a view of enforcing a civil right, the jury, in an action brought by the party arrested to recover damages for false imprisonment and malicious prosecution, is justified in finding that the party prosecuting the arrest was actuated by malice.

The court, in such a case, may properly charge the jury that if they find that there was no probable cause to make the charge against the plaintiff, that they may infer from that fact alone that it was made through malice only.

*McCormack* v. *Perry* (47 Hun, 74) distinguished.

APPEAL by the defendants from a judgment in favor of the plaintiff for $1,098.01, entered in the office of the clerk of Monroe county on February 1, 1888, and from an order entered on the decision of a motion made on the minutes of the court for a new trial on the ground that the verdict was contrary to evidence, was against the weight of evidence, was contrary to law, and for an excessive amount, and upon the exceptions taken to the admission of evidence and to the charge of the court, made January 30, 1888, which was entered in said clerk's office on the 21st day of May, 1888, denying said motion, with costs.

The action was brought to recover damages from the defendants, who were copartners in business, for false imprisonment and malicious prosecution of the plaintiff, and was tried at the Monroe January Circuit, 1888, before the court and a jury, resulting in a verdict for the plaintiff of $1,000.

*Raines Bros.*, for the appellants.

*D. C. Feely*, for the respondent.

BARKER, P. J.:

This is an appeal from a judgment recovered by the plaintiff at the Monroe Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

There appears to be little conflict in the testimony offered at the trial as to the main facts in the case. It appears that the plaintiff

Rosen was a journeyman tailor, and, as such, was given by the defendant's firm the material and trimmings to make a dozen coats, for which he was to be paid a stipulated sum per coat. The work was done outside the defendant's establishment. When the coats were completed by the plaintiff it was discovered that there was something wrong with the linings of some or all of them. The defendants claimed that the trouble was caused by the mistake of the plaintiff Rosen in mixing two different shades together, and insisted that Rosen should take out the defective linings, and replace them with others, for which he was given the stuff. Rosen, it appears, afterwards returned to the defendant's store and claimed that upon again testing the lining and pressing the same, that the same discoloration was caused, and that the trouble was entirely the result of the quality of the lining and not any fault of his in making.

The plaintiff claims that the defendant, Louis Stein, still insisted that he should fix the coats, and stated that unless he did remedy the defects, he would not get paid for his work. This he refused to do and the plaintiff was directed to return three of the coats, which he had not already brought to the defendant's establishment. He refused to do so unless he got his pay. The defendants then sent their messenger to the plaintiff's house for the coats, and he again refused to give up the coats without his pay. Then they sent the messenger to the plaintiff's house with a police officer and demanded the coats, but Rosen refused to let them have them or take them to the defendants' place without being paid for his work, all the while insisting on the right to retain the property until he was paid.

There is no evidence in the case, so far as can be discovered, showing any purpose on the part of Rosen, the plaintiff, other than to assert his supposed legal right to keep the three coats in question until his services for making had been fully paid. The evidence also shows, quite conclusively, that the defendant, Louis N. Stein, was fully advised of the plaintiff's position and claim. After the fruitless effort of the officer to get possession, it appears that the defendant, Louis N. Stein, went before the police justice of the city of Rochester where he claims he stated the facts to the justice and was advised by him that the only thing to do was to get a warrant. The justice wrote the affidavit, which charged the plaintiff with

petit larceny. Stein signed and swore to the affidavit, as he claimed, without reading it, and a warrant for the arrest of the plaintiff was issued. Upon the warrant the plaintiff Rosen was arrested, taken through the streets to the station, detained there for a couple of hours, then paroled, and upon an adjourned day discharged.

It is claimed, by the defendants' counsel, that the evidence in the case showed that the defendants proceeded in good faith, that there was no evidence in the case from which malice could be inferred; and that Stein, who procured the warrant, was acting on the advice of the justice who issued it, and not on his own judgment. The justice who issued the warrant was called as a witness on the trial, but was unable to recall the particular circumstances attending the issuing of the warrant. It does appear, however, from the testimony of Louis Stein, that he signed and swore to the affidavit, charging the plaintiff with petit larceny, without reading the paper. And he stated at the time of the hearing before the police justice, when the plaintiff was discharged, that he was satisfied and that all he wanted was to get back the coats which he had obtained. That there was no probable cause for the arrest of the plaintiff the evidence clearly established. It is quite possible that the defendant Stein did not fully realize or reflect on the character of the criminal charge he had made against the plaintiff; but he knew that by putting the machinery of the criminal law in motion he was subjecting the plaintiff to arrest, public indignity and humiliation, and, certainly, a jury was justified in finding that he who would resort to the criminal law to enforce a civil right was actuated by malice. The question of malice, under the circumstances, was for the jury to pass upon, and was properly submitted to them by the court, and this court cannot say, as matter of law, that the evidence does not sustain this finding.

It is insisted by the appellant's counsel that the trial court erred in charging the jury that if they found there was no probable cause to make this charge against the plaintiff from that fact alone, they might infer that it was made through malice only. The counsel for the appellant cites to this court the case of *McCormack* v. *Perry* (47 Hun, 74) as sustaining the contention of the appellant. The case cited does not go to the extent claimed. The evidence tending to show want of probable cause may be of such a character as also

to show malice; and so, in the case now under consideration, the court properly said that if the jury found want of probable cause from that fact they might infer malice. Not that the want of probable cause raised any presumption of law of the existence of malice, but was a feature or element in the case from which malice might be inferred and found as a fact by the jury; accordingly the court said, in the case of *McCormack* v. *Perry*, that "if the jury are not satisfied from the evidence, which shows that probable cause did not exist, that the defendant was guilty of malice, then they have a right to demand of the plaintiff further proof on that issue before they are called upon to render a verdict in his favor." We do not understand that the trial court, in its instructions to the jury, laid down any other or different rule. The charge, taken as a whole, was eminently favorable to the defendants, and their counsel took no exception to that particular portion of the charge of which they now complain. The appellant's counsel also contend that the court erred in sustaining the plaintiff's objection to the following question put to Stein as a witness: Q. At the time (*i. e.*, at the time of the application for the warrant) did you believe that this man meant to retain and keep from you the coats that he had? It is competent for a defendant, in actions of this kind, to testify that he acted in good faith, and was actuated by no ill will towards the plaintiff and believed the truth of the charges made. (*McKown* v. *Hunter*, 30 N. Y., 625; *Farnam* v. *Feeley*, 56 id., 451.) The point in issue here was whether or not the plaintiff intended to steal the goods, which was the crime charged in the proceedings before the justice. There is no claim by the plaintiff that he did not intend to keep the goods and not deliver them. That is conceded by all parties, and the defendants cannot claim that they were injured by excluding the question and answer to a fact about which there was no contention whatever.

If the question had been whether or not the witness believed the plaintiff intended to steal the goods, it would have been competent, but not being addressed to that issue, we think the defendants cannot be said to have suffered by its exclusion. The defendants' counsel also contend that the verdict of the jury for $1,000 was excessive. A motion to set aside the verdict on that ground was addressed to the trial court, and it was peculiarly the province of the judge at

circuit to pass upon such an application.    He has denied the motion, and we think properly.  · We cannot say that the damages assessed by the jury are excessive or the result of prejudice, and are not disposed to reverse the judgment on such grounds.

The judgment and order appealed from should be affirmed, with costs.

DWIGHT and MACOMBER, JJ., concurred,

Judgment and order affirmed.