## ARNAUD v. LANGELLOTTI.

(Court of Appeals of District of Columbia. Submitted December 8, 1920. Decided January 3, 1921.)

### No. 3405.

1. **Appeal and error ⟨⟩1050(1)—Testimony that plaintiff, suing for false arrest, was always sane, held not prejudicial, in view of other evidence.**

   In an action for false arrest and imprisonment, where plaintiff had been charged with being insane, and where a witness, who had known plaintiff intimately during the year in which he was arrested for insanity, testified without objection that during that period he was of sound mind, further testimony by the witness that plaintiff was always of sound mind was not prejudicial to defendant.

2. **Trial ⟨⟩296(2)—Objection to instruction "as standing by itself" insufficient, where whole charge was correct.**

   In an action for false arrest and imprisonment, where the court at plaintiff's request had charged that the jury could infer malice from want of probable cause, an objection to that instruction "as standing by itself," but finding no other fault with it, presents no question for review, where the court on his own motion had charged fully with respect to the same matter, to the satisfaction of defendant.

3. **False imprisonment ⟨⟩4—Malice may be inferred from want of cause.**

   In an action for false arrest and imprisonment, the jury may infer malice from the fact that there was no probable cause for plaintiff's arrest, though want of probable cause does not establish malice.

4. **Appeal and error ⟨⟩1033(3)—Recitals in habeas corpus judgment held favorable to defendant in false imprisonment action.**

   In an action for false arrest and imprisonment, recitals in a judgment on habeas corpus proceedings, introduced to prove plaintiff's release from arrest, that the warrant on which plaintiff was arrested was void and affidavit of lunacy insufficient, because not accompanied by a physician's certificate, tended to show plaintiff was released because of defects in the proceedings, not for want of probable cause, and were therefore favorable, and not prejudicial, to defendant.

Appeal from the Supreme Court of the District of Columbia.

Action by Frank Langellotti against Joseph J. Arnaud for false arrest and imprisonment. Judgment for plaintiff, and defendant appeals. Affirmed.

E. F. Colladay, of Washington, D. C., for appellant.

Charles V. Imlay and George W. Offutt, Jr., both of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellee brought action against the appellant for false arrest and imprisonment, malicious prosecution, and assault. He recovered judgment, and the defendant appeals.

[1] Plaintiff was arrested August 10, 1917, on complaint of the defendant, in which he was charged with having made threats of personal violence against him and with being insane. A witness, having told of his intimate acquaintance with the plaintiff in the year 1917, testified that during that period he was "of sound mind and he could never have thought of him as of unsound mind." The witness was then permitted, over the objection of the defendant, to say

that in his opinion the plaintiff was "always of sound mind." It is claimed that this was prejudicial, because it covered, not only the date on which the plaintiff was arrested, but also a time subsequent thereto. The first answer went in without objection. It covered, not only August 10, but the whole period of 1917. If any harm was done by it, it was done with the implied consent of the defendant, and we are unable to perceive how the second answer could have added anything to it; hence it did not prejudice him.

[2, 3] The court, at the request of the plaintiff, charged the jury that if they found that the defendant had instituted the prosecution against him for threats and for insanity, or either, without probable cause, and that the same terminated in plaintiff's favor, the fact that there was no probable cause was evidence from which the jury might infer malice on the part of the defendant. The latter objected to it "as standing by itself." He found no other fault with it. But it did not stand by itself, for the court, on his own motion, charged fully with respect to the same matter, and counsel for defendant at the close of the entire charge stated that he was satisfied with the charge. The objection, therefore, presents no question for our decision. Even if it did, the result would be the same, for the instruction is correct in point of law. Rosen v. Stein, 54 Hun, 179, 7 N. Y. Supp. 368. It will be noted that the court did not say want of probable cause established malice, but that the jury might infer malice from it, which is quite a different thing.

[4] A writ of habeas corpus was sued out to test the legality of plaintiff's arrest on the charges lodged against him by the defendant, and, after hearing, he was released. To prove the release, the judgment in the proceedings was introduced. This, appellant says, prejudiced him, because of certain recitals therein, which are that the warrant upon which the plaintiff was arrested on the charge of having made threats was void, and that the affidavit of lunacy was insufficient, because not accompanied by the certificates of two physicians. These recitals tended to show that the plaintiff was released, not because there was no probable cause for the charges made against him, but because of defects in the proceedings. They had, therefore, a tendency to aid, rather than to injure, defendant. No prejudice could have resulted to him from them.

We find nothing in Feld v. Loftis, 240 Ill. 105, 88 N. E. 281, relied on by appellant, which conflicts with the view we have just expressed.

There being no error in the record, the judgment is affirmed, with costs.

Affirmed.