### John A. McKown v. Wilson Hunter.

Whatever the plaintiff may prove, in an action for malicious prosecution, the defendant is at liberty to disprove.

The essential elements of the action are malice and want of probable cause. These it belongs to the plaintiff affirmatively to prove, or to introduce evidence in regard to them from which they may be legitimately inferred.

The defendant is at liberty to show both the absence of malice and the existence of probable cause; and no evidence pertinent to either issue should be excluded.

Hence, where the defendant in such an action is examined as a witness, on the trial, he may be allowed to testify that at the time he made a complaint against the plaintiff, for perjury, he believed the evidence given by the plaintiff, on a former trial, was material; and that he, at the time of making such complaint, believed that the plaintiff was guilty of the charge made against him.

THE action was for malicious prosecution, in making a complaint against the plaintiff, before an Albany police justice, on a charge of perjury. The cause, in which the plaintiff was alleged to have testified falsely, was tried at the Albany circuit, on the 23d of January, 1857. The action was on a bond of Joseph Hunter, the defendant's son, for the support of his wife according to his means. The defendant was a surety in the bond, and on his undertaking to protect him, William Wilcox also became a surety. Two actions were brought on the bond, one against each of the sureties. The suit against Wilcox was tried, and the plaintiff was sworn on that trial. One defense was that by agreement the money was to be paid, from time to time, on being called for by the plaintiff, in behalf of Mrs. Hunter, at the place of business of the defendant Wilcox, and that it was called for but twice, and in each instance paid. On two successive Saturdays the plaintiff called, and in each instance he got the money. He swore on the trial, for the purpose of putting the surety Wilcox in default, that on the ensuing Saturday night he again called for money at his place of business; that Wilcox told

40

him he had none for him; that he remained there three-quarters of an hour, and that during all that time Wilcox stood at one end of his stall and Schwartz at the other. The defendant had handed three dollars to Wilcox that day to pay the plaintiff, and Wilcox had it ready to pay him if he called. On the testimony of the plaintiff judgment was obtained against Wilcox, on the bond. The defendant was informed by Wilcox that the plaintiff had sworn false to defeat him, and that he intended to make complaint against him. The defendant told Wilcox—who had become surety on his engagement to save him harmless—that as he was the party injured, he ought to make the complaint. The defendant heard McKown testify. He was informed, not only by Wilcox but by Schwartz, that what McKown had sworn to was false. He consulted Mr. Shafer and Mr. Hungerford, who were his counsel, and also counsel for Mr. Wilcox on the trial, and they both advised him that the testimony of McKown had controlled the judgment, and that, in their opinion, it amounted to perjury. The defendant and Wilcox appeared before Justice Parsons, and stated the facts; and he told them that if those facts were proved, it was perjury, and advised them to make the complaint before Justice Cole, his associate. The defendant made his complaint in writing, and Wilcox and Schwartz were both examined by the justice, before the warrant was issued. The officer did not arrest the plaintiff, who was an attorney, but he was voluntarily examined. He called Mr. Courtney as a witness, who testified to his *opinion* that the testimony of McKown in the bond suit was immaterial. Justice Cole, at the close of the examination, stated "that McKown had undoubtedly sworn to a lie, but he did not think it material to the issue; but he would forward the papers to the grand jury." Mr. Courtney, being district attorney, subpœnaed McKown to appear before the grand jury, but no bill was found.

The present action was founded solely on the proceeding before the *police magistrate*, and the complaint alleged that

the prosecution was terminated by the plaintiff's acquittal and discharge by the magistrate.

The plaintiff, for the purpose of showing malice and bad faith in *making the accusation* before the magistrate, proved the subsequent declarations of Mr. Courtney and Justice Cole, that the false testimony was immaterial. He proved by one La Grange that the defendant, before the suit on the bond, had charged the plaintiff with swearing false on another occasion, and had declared his intention to prosecute him. He also proved that the defendant, in the interim between the trial of the bond suit and the complaint, imputed to him the perjury charged before the magistrate, and stated that he could prove it, and it would send him to the state's prison. The court excluded the testimony of the defendant, offered in reply, that he believed the testimony of the plaintiff to be material; and also excluded proof that, when he made the charge, he believed the plaintiff to be guilty of the offense charged. This evidence the court held to be incompetent and immaterial.

The jury found a verdict for the plaintiff for $100, on which judgment was entered; and, on appeal, the same was affirmed at the general term. From the latter judgment the defendant appeals to this court.

*John K. Porter*, for defendant (appellant).

*John H. Reynolds*, for plaintiff (respondent).

Hogeboom, J. This is an action for malicious prosecution, and its essential elements are the want of probable cause and malice. (*Vanduzor* v. *Linderman*, 10 Johns. 106.) These it belongs to the plaintiff affirmatively to prove, or to introduce evidence in regard to them from which they may be legitimately inferred. (*McCormick* v. *Sisson*, 7 Cow. 715; *Murray* v. *Long*, 1 Wend. 140; *Bulkley* v. *Smith*, 2 Duer, 261; *Van Latham* v. *Rowan*, 17 Abb.

Pr. Rep. 238, 248.) Whatever the plaintiff may prove, the defendant is at liberty to disprove. He is, therefore, at liberty to show both the absence of malice and the existence of probable cause, and no evidence pertinent to either issue should be excluded. The defendant was sworn on the trial, and was asked whether he believed the evidence given by the plaintiff (on which the defendant attempted a prosecution against him for perjury) was material, and whether he, the defendant, believed, at the time he made the complaint against the plaintiff for perjury, that the defendant was guilty of the charge made against him? Both of these questions were overruled, and, I think, erroneously. They tended directly to repel the imputation of malice, and perhaps, to some extent, the want of probable cause. If answered in the affirmative, and reliance was placed upon the testimony by the jury, they would tend very much to exculpate the defendant; or, at all events, to mitigate the damages. How much weight the jury would give to such testimony, coming from the mouth of the defendant himself, was a question exclusively for them. The testimony, I think, was competent, within the cases of *Seymour* v. *Williams* (4 Kernan, 567); *Griffin* v. *Marquardt* (21 N. Y. Rep. 121), and *Forbes* v. *Waller* (25 N. Y. Rep. 430, 439).

In the first of these cases it was held that on an issue of fact whether an assignment of property was made to defraud creditors, it was competent to inquire of the assignor, who was a witness, whether, in making the assignment, he intended to defraud creditors, and thus to repel the imputation of actual fraud.

In *Griffin* v. *Marquart*, testimony of the assignor that he made the assignment for the purpose of gaining time to pay his creditors and protect his indorsers, was held admissible for the purpose of establishing a fraudulent intent.

In *Forbes* v. *Waller* it was held proper to prove by the assignor his object and intent in making the assignment, and to prove by him that it was to prevent a sacrifice of his property. These cases go very far to establish the

general principle that where the motive of a witness in performing a particular act or making a particular declaration becomes a material issue in a cause, or reflects important light upon such issue, he may himself be sworn in regard to it, notwithstanding the difficulty of furnishing contradictory evidence, and notwithstanding the diminished credit to which ·his testimony may be entitled as coming from the mouth of an interested witness.

It is suggested that as the jury had before them the affidavit of the defendant when he made his complaint against the plaintiff for perjury, the defendant had thereby the benefit of all the evidence to establish probable cause and the absence of malice, which he could supply by his own oral testimony before the jury. But this is not so. For in the first place those conclusions could only be inferentially drawn from that affidavit, and in the next palce, the defendant had the right, when he was on the stand, to have the benefit of all the inferences which could be legitimately made in his favor before the jury from testifying to these facts in a direct and positive manner· before them, aided by such impressions as would be made upon the jury by his appearance, manner, and mode of testifying.

As we are clearly of opinion that a material error to the prejudice of the defendant was committed on the trial, by the exclusion of this evidence, it is unnecessary to examine any of the other questions made in the case.

· The judgment must be reversed and a new trial granted, with costs to abide the event.

Davies, J., read an opinion for affirmance. All the other judges being for reversal, judgment reversed.