SPARLING, *Appellant*, v. CONWAY.

1. **Malicious Prosecution**: PLEADING—GENERAL DENIAL. In an action for malicious prosecution the defendant, under the general denial, may prove that he acted in good faith upon the advice of competent counsel.

2. ———: EVIDENCE. In such an action, defendant will be allowed to show by his own testimony that from his knowledge of the case, and upon the advice of counsel, he really believed that plaintiff was guilty of the crime for which he was prosecuted.

3. ———:. MALICE: PROBABLE CAUSE. Evidence that a prosecution was begun and carried on in good faith and in consequence of the advice of competent counsel upon all the facts in the prosecutor's knowledge and all which he might by reasonable diligence have learned, is competent to rebut the presumption of malice arising from the want of probable cause; but it does not tend to establish the existence of probable cause, and is not admissible on that ground.

4. **Instructions.** Error of the trial court in stating in the instructions legal conclusions from facts submitted to the jury, will not entitle the appellant to a reversal if the jury are properly directed what verdict to render in case they find such facts.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

Plaintiff's evidence tended to prove that on the 9th day of October, 1876, defendant swore out an information against him in the court of criminal correction in St. Louis county, charging him with grand larceny in stealing certain paints; that he was thereon arrested and committed to the jail of that county; that on the 19th day of October he was tried upon said charge and was acquitted; that defendant had agreed with plaintiff to paint for him the house of one Harney, but being sick could not do so; that the paints were in Harney's house, and Harney would not wait until defendant's recovery, but wanted one Clawson to do the painting; that plaintiff told Clawson defendant's paints were in Harney's house, and to see defendant's wife and obtain her consent to use them, and to pay her the money if defendant died, or replace the paints if defendant lived; that he had employed and paid counsel to defend him against said charge of grand larceny. Defendant's evidence tended to prove that he had not consented to the use of the paints by Clawson or by plaintiff; that he had consulted an attorney, to whom he had communicated all the circumstances of the case, and was advised by him that it was a plain case of grand larceny; and that he had acted in good faith upon such advice, believing defendant guilty.

*Marshall & Barclay* for appellant.

*Seneca N. Taylor* for respondent.

HOUGH, J.—This was an action for malicious prosecu-

tion. The answer was a general denial, and the defense relied upon at the trial was, that the defendant acted in good faith upon the advice of competent counsel. There was a verdict and judgment for the defendant, which was affirmed by the court of appeals.

The plaintiff contends that the defense stated should have been pleaded in order to be made available by the defendant. We are of a different opinion.

1. MALICIOUS PROS-ECUTION: plead-ing—general de-nial.
The testimony offered and received on this subject, was admissible to disprove the allegation of malice, contained in the petition and sought to be established by the plaintiff, and if the defendant had set it forth in his answer, he would only have pleaded his evidence.

The defendant, who was a witness, was asked by his counsel, whether, from what he knew of the case, and upon the advice of his counsel, he really believed the plaintiff was guilty of grand larceny; and he answered, that he did. This testimony was objected to on the ground that it was wholly immaterial whether the defendant believed the plaintiff to be guilty of the charge preferred against him or not. We think the evidence was competent. It has recently been decided by this court, in the case of *Van Sickle v. Brown*, 68 Mo. 627, overruling the case of *Hickman v. Griffin*, 6 Mo. 37, that the reasonable and probable cause which will relieve a prosecutor from liability is a belief by him in the guilt of the accused, based upon circumstances sufficiently strong to induce such belief in the mind of a reasonable and cautious man.

2. ——: evidence

The following instruction, given at the instance of the defendant, was objected to by plaintiff: "If the jury believe from the evidence that Conway, before he began the criminal prosecution against Sparling, consulted in good faith an attorney at law, and communicated to such attorney, in good faith, all the facts within his knowledge, or which he might have learned by reasonable diligence, bearing upon the guilt or inno-

3. ——: malice: probable cause.

cence of Sparling of the crime charged; that said consultation and communication was had, and made by Conway in good faith, with a view to the advice of counsel learned in the law; that said attorney, upon such submission of facts, advised Conway that Sparling was liable to a criminal prosecution for grand larceny; and, if the jury further find that said prosecution was begun and carried on by Conway in good faith in consequence of said advice, and not in pursuance of a previous fixed determination to commence said prosecution, then there was probable cause therefor, and the jury will find for defendant."

The following instruction, asked by the plaintiff, was refused: 2. "Defendant cannot shield himself under the advice of counsel unless he shows that he communicated to such counsel all the facts bearing upon the guilt or innocence of the accused which he knew, or by reasonable diligence could have ascertained."

No error was committed by the circuit court in refusing the instruction asked by the plaintiff, inasmuch as it is embodied in the instruction copied, which was given for the defendant, and if that instruction contains no material error, the plaintiff has not been prejudiced.

The instruction given for the defendant is, in all essential particulars, identical with an instruction passed upon in the case of *Sharpe v. Johnston*, (decided February 6th, 1882).* We there held that the legal conclusion resulting from the facts stated in the instruction, and couched in the closing phrase, "then there was probable cause therefor," was inaccurate, and should have been, "then the prosecution was not malicious," as the facts stated, from which the conclusion is drawn, can properly be relied upon only for the purpose of overthrowing any presumption of malice arising from the want of probable cause, and not for the purpose of establishing the existence of probable cause. This is made manifest by the reflection, that not-

*Not furnished the reporter for publication.

withstanding the prosecutor may have acted in the utmost good faith, upon the well considered advice of competent counsel fully cognizant of all the facts, the legally constituted authorities may have judicially determined that there was no probable cause for the prosecution; and we would thus make the advice of counsel neutralize the judgment of the court.

The true office of the advice of counsel given and acted on, as above stated, is to relieve the prosecutor from 4. INSTRUCTIONS.    the imputation of malice.   But this inaccuracy is not a sufficient ground for reversing the judgment; since, whether the legal conclusion arising from the facts set forth, be correctly stated or not, the direction of the court is, that if the facts stated be found to exist, the verdict of the jury should be for the defendant.   Indeed the instruction would be good if the legal conclusion were entirely omitted.   We are all of opinion that the judgment of the court of appeals should be affirmed.