[No. 8,774.   Department Two.—April 8, 1885.]

R. J. FULTON, RESPONDENT, *v.* GIUSEPPE ONESTI ET AL., APPELLANTS.

MALICIOUS PROSECUTION—INSTRUCTIONS AS TO PROBABLE CAUSE.—In an action for malicious prosecution, when the facts in reference to the alleged probable cause are admitted, or established beyond controversy, then the determination of their legal effect is absolute, and the jury are to be told that there was or was not probable cause, as the case may be. When, however, the facts are controverted and the evidence is conflicting, the court should instruct the jury that if they find in a certain way, the facts as found do or do not amount to probable cause; but in neither case are the jury to determine whether or not the established facts amount to probable cause.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was for malicious prosecution. The facts are stated in the opinion of the court.

*Chas. B. Darwin,* and *Joseph Kirk,* for Appellants.

*J. C. Black,* and *William Matthews,* for Respondent.

The COURT.—Appellants (defendants) ask for a reversal, because of errors in the charge of the court. The only exception to the charge, given by the court of its own motion, was as follows:

"That it left it to the jury to find probable cause or not, without advising them what facts, if found by them to be true, would constitute probable cause. It left a question of law, namely:—What facts constitute probable cause ?—to the jury."

Respondent does not claim that the foregoing was an insufficient specification of the portions of the charge objected to. The court charged:

"If you are satisfied from the evidence that the defendant procured the arrest and imprisonment of plaintiff, as alleged in the complaint herein, and that the same was done with malice, and without probable cause therefor, then you will find for the plaintiff."

And again:

"If, on the other hand, you find that no malice or want of

probable cause has been shown on the part of the defendants, then your verdict will be in favor of the defendants."

In *Harkrader* v. *Moore*, 44 Cal. 152, it was said: "When the facts in reference to the alleged probable cause are admitted, or established beyond controversy, then the determination of their legal effect is absolute, and the jury are to be told that there was or was not probable cause, as the case may be. When, however, the facts are controverted and the evidence is conflicting, then the determination of their legal effect is necessarily hypothetical, and the jury are to be told that if they find the facts in a designated way, then that such facts, when so found, do or do not amount to probable cause. But in neither case are the jury to determine whether or not the established facts do or do not amount to probable cause."

The charge was erroneous.

Judgment and order reversed, and cause remanded for a new trial.