### SCHWARTING v. VAN WIE NEW YORK GROCERY CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

MALICIOUS PROSECUTION—EVIDENCE—MALICE—MOTIVE.

Where the malicious prosecution complained of was instituted by an officer of the defendant, a corporation, it was reversible error to exclude the officer's testimony as to what his motive was in procuring plaintiff's arrest, since the testimony was competent, as tending to show absence of malice.

Appeal from trial term, Westchester county.

Action by George Schwarting against the Van Wie New York Grocery Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Lincoln G. Backus, for appellant.
Michael J. Tierney, for respondent.

JENKS, J. We think that this judgment must be reversed for error in the rejection of testimony. The defendant appeals from a judgment of $500 against it for a malicious prosecution. The president of the defendant, who was alleged to be the prime mover in the prosecution, was asked by his counsel:

"Q. What moved you to have Schwarting arrested? (Objected to as incompetent, as it is a question for the jury, under all the circumstances of the case.) Q. What motive did you have in having Schwarting arrested? (Same objection. Objection sustained. Exception.)"

The plaintiff's cause of action depended upon proof of both want of probable cause and of malice, though it is true that malice may be inferred from want of probable cause. Scott v. Coffee Co., 51 App. Div. 321, 64 N. Y. Supp. 1016, and authorities cited. The defendant, therefore, was entitled to offer any testimony that was competent as evidence to disprove malice. In McKown v. Hunter, 30 N. Y. 625,—an action for malicious prosecution,—the court reversed the judgment because of the exclusion of questions of similar purport, citing authorities, and saying:

"These cases go very far to establish the general principle that where the motive of a witness in performing a particular act or making a particular declaration becomes a material issue in a cause, or reflects important light upon such issue, he may himself be sworn in regard to it, notwithstanding the difficulty of furnishing contradictory evidence, and notwithstanding the diminished credit to which his testimony may be entitled as coming from the mouth of an interested witness."

See, too, McCormack v. Perry, 47 Hun, 74; Rosen v. Stein, 54 Hun, 179, 7 N. Y. Supp. 368; Dillon v. Anderson, 43 N. Y. 231, 236; Kerrains v. People, 60 N. Y. 221, 229; Bayliss v. Cockcroft, 81 N. Y. 363, 371; Goodman v. Stroheim, 36 N. Y. Super. Ct. 216; Newell, Mal. Pros., citing Spalding v. Lowe, 56 Mich. 366, 23 N. W. 46; Sherburne v. Rodman, 51 Wis. 474, 8 N. W. 414; Burr-Jones, Ev. § 167.

I think that the vice of the proposition of Mr. Justice Mullin in Lawyer v. Loomis, 3 Thomp. & C. 393, is his assumption that, when the jury find no probable cause, malice is thereby established beyond dispute, and not that it may be inferred therefrom, or, in other words, considered as proved, though still open to testimony contra by the defendant. The decision is opposed to the otherwise uniform trend of precedents. The decision of People v. Sherlock, 166 N. Y. 180, 59 N. E. 830, in the court of appeals, cited by the learned counsel for the respondent, is not an authority in point. That was a conviction for libel. The defendant, who had testified as to his motive and his intent, was asked if at the time of the publication he believed in the truth of the article. The question was excluded, and the ruling was affirmed. The court cites the opinion in Com. v. Snelling, 15 Pick. 337:

"But how is this defense [justification] to be made? By proof of the truth of the matter charged as libelous; not his belief of the truth, not his information, nor the strength of the authority upon which such belief was taken up. No question can arise as to the good motive or justifiable end until the truth is proved."

The court of appeals, in People v. Sherlock, supra, continues:

"Had the defendant given evidence tending to prove the truth of the libelous charge, a different question would be presented. * * * It is proper,

therefore, that a defendant, after having given evidence as to the truth of a charge made by him, should be allowed to testify as to his belief in the truth, as bearing on the question of his motive, as the truth alone is not a defense. But, where no proof of the truth of the charge is given, the defendant's belief can operate only in mitigation of punishment, and not as a defense, except in the case of excusable libel."

But in a case of malicious prosecution the defendant is not bound to prove the truth of the charge, but only that he had probable cause therefor,—that is, the cause which would have justified the action of an ordinarily prudent and cautious man, exercising conscience impartially, and reason without prejudice, upon the facts (Scott v. Coffee Co., supra, and authorities cited); and the defendant offered testimony for the purpose of establishing this defense. As malice may be inferred from want of probable cause, then testimony offered by plaintiff to establish want of probable cause warranted testimony on the part of the defendant that was competent, as tending to show absence of malice. We cannot say that the exclusion was harmless error. In McKown v. Hunter, supra, and in the leading case of Seymour v. Wilson, 14 N. Y. 567, similar errors were thought grave enough to warrant reversals. The witness, being the president of the defendant, and acting, it was alleged, for and in behalf of the corporation, could testify as to the intent or motive that characterized the transaction directed or guided by him on behalf of the corporation. Abb. Tr. Brief, § 479, citing Bank v. Kennedy, 17 Wall. 19, 29, 21 L. Ed. 554. This reversal is based solely upon the error in the exclusion of the testimony.

Judgment reversed; new trial granted; costs to abide the event. All concur.