### LEAKE v. CARLISLE.

(City Court of New York, Trial Term. February 4, 1902.)

MALICIOUS PROSECUTION—MALICE—MOTIVE—EVIDENCE.

> Where the malicious prosecution complained of was instituted on defendant's sworn complaint before a magistrate, charging plaintiff with theft, it is prejudicial error to exclude defendant's statement as to what was his motive in making the affidavit, after he has detailed the entire transaction, since, in addition to the facts, defendant was entitled to place before the jury the mental operation moving him to charge plaintiff with the crime.

Action by Richard F. Leake against John G. Carlisle. Motion to set aside verdict and for new trial. Granted.

Mr. Hand, for the motion.
Mr. Steuer, opposed.

O'DWYER, J. Motion to set aside a verdict and for a new trial. In actions brought to recover damages for alleged malicious prosecutions, the plaintiff, in order to succeed, must prove want of probable cause and malice. Malice in fact is the kind of malice which is to be proved. When malice is and may be inferred from the want of probable cause, it is actual malice which is thus proved. The plaintiff's cause of action depending upon proof of these two facts, defendant was entitled to offer any testimony that was competent as evidence to disprove want of probable cause or malice. Upon the trial the defendant was permitted to state the entire transaction which

took place between himself and the plaintiff. No detail of the transaction was omitted or kept from the jury, but at the conclusion of the defendant's direct examination he was asked by his counsel:

"Q. What was your motive in making the affidavit in the Jefferson Market police court, which is in evidence? (Objected to on the ground that it is incompetent, irrelevant, and immaterial. Sustained. Exception.)"

The affidavit referred to is the complaint made in the magistrate's court, and sworn to by the defendant. It is now urged that error prejudicial to the defendant was committed in the ruling excluding the testimony of defendant's motive in making the complaint against the plaintiff. At the time the ruling was made I believed, and now, after examining the authorities, am still of the belief, that a defendant might be permitted to give his reasons for the doing of an act, or to show what his opinion was based upon, and how it was formed, but that to permit a witness to state the operation of his mind or his conclusion should not be encouraged; and in this case that belief would be enforced, were it not that I am confronted with authorities from our highest appellate courts that declare that in actions for malicious prosecutions the question is proper in form, and the testimony sought thereby competent. Schwarting v. Grocery Co., 60 App. Div. 475, 69 N. Y. Supp. 978; McKown v. Hunter, 30 N. Y. 625; McCormack v. Perry, 47 Hun, 71. The court of appeals, in Dillon v. Anderson, 43 N. Y. 236, referring to the cases of McKown v. Hunter, supra, Thurston v. Cornell, 38 N. Y. 281, and Bedell v. Chase, 34 N. Y. 386, said:

"We think that they hold no more than this: That where the doing of the act is not disputed, but is affirmed, and whether the act shall be valid or invalid hangs upon the intent with which it was done, which intent, from its nature, would be formed and held without avowal, there he upon whom the intent is charged may testify whether he secretly held such intent when he did the act. *And one sued for a malicious prosecution may testify that in setting on foot the legal proceedings he believed that there was cause for them.*"

Later, in the case of Bayliss v. Cockroft, 81 N. Y. 371, the court of appeals, referring to this kind of evidence, said:

"*We do not encourage the reception of this kind of testimony, yet we know that parties have been permitted to speak as to their mental operations in the doing of an act that is called in question where the intent with which it is done serves to characterize it.*"

It is now claimed by the plaintiff that these cases show that the court has disapproved of the rule laid down in McKown v. Hunter. I am unwilling to go with the plaintiff to that extent, although I do most loyally agree with our highest court in the expressions italicized and quoted from their opinions. The cases relied upon by defendant are so direct in point that I believe they are controlling, and it is my duty to follow them. In McKown v. Hunter the defendant was asked whether he believed the evidence given by the plaintiff on which the defendant attempted a prosecution against him for perjury was material, and whether he (the defendant) believed at the time he made the complaint against the plaintiff for perjury that the defendant was guilty of the charge made against

him. In McCormack v. Perry the defendant was asked, "Were you actuated by malice in instituting these proceedings?" In Schwarting v. Grocery Co. the president of the defendant, who was alleged to be the prime mover in the prosecution, was asked by his counsel, "What motive caused you to have Schwarting arrested?" "What motive did you have in having Schwarting arrested?" And in all these cases it was held reversible error to exclude the testimony. This defendant charged the plaintiff with the commission of a crime in the magistrate's court, and signed and swore to the complaint upon which he was held for the action of the grand jury, and of which charge he was subsequently acquitted after several weeks' close confinement in jail. Upon the trial of this action the defendant again asserted absolutely his claim that the plaintiff was guilty of stealing his cloak, and the jury decided that the plaintiff was not guilty. The jury had all that it was possible for them to have in the way of facts and circumstances. Upon the issues I charged the jury:

"Gentlemen, the question for you to determine will be, did this defendant have probable cause—reasonable cause—to commence the prosecution which he did? If he had, then that is an end of this case, because, as I told you before, the plaintiff in this case must show you that the prosecution was without reasonable or probable cause. Now, if Mr. Carlisle had occasion to honestly believe that Mr. Leake was the man that drove him home, and that it was in his cab he left his fur cape, then he had probable cause to institute the prosecution which he did, and he is not liable because of the failure of prosecution."

Then the jury were further charged that plaintiff must show malice; that malice may be inferred from want of probable cause; that the malice necessary to be shown in order to maintain the action is not necessarily revenge or base and malignant passion; whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is, in legal contemplation, malicious. It seems, however, that, in addition to the facts and circumstances, the defendant was entitled to lay before the jury the mental operation that moved him to charge the plaintiff with the commission of a crime. That being so, it was error to exclude the testimony, and the motion must therefore be granted, the verdict set aside, and a new trial granted, without costs, upon the sole ground that the ruling discussed herein presents reversible error. If plaintiff desires to review this disposition of the motion, a stay of proceedings will be granted. If judgment has been entered, the same must be vacated and set aside. Settle order on one day's notice.