# HENRY CAMPBELL *vs.* THE BALTIMORE & OHIO R. CO.

*Malicious Prosecution—Evidence—Want of Probable Cause.*

In an action for malicious prosecution, defendant's agent, who had caused the plaintiff to be arrested, was called as a witness by the plaintiff to prove that the agent had made the arrest in accordance with defendant's instructions. He was asked on cross-examination if he had any malice towards the plaintiff. *Held*, that this question was competent since the word "malice" was not used in its legal sense but in its colloquial meaning of personal hatred or ill will, and the defendant was entitled to show that its agent was not actuated by any feeling of ill will in order to exclude an inference of malice in fact.

The same witness was also asked on cross-examination what were the facts which led him to obtain the warrant upon which plaintiff was arrested. *Held*, that this question was proper because the facts inquired about directly related to the issue whether the arrest was justifiable.

Whether the facts proven in an action of malicious prosecution show that the defendant had reasonable ground for believing that the plaintiff was guilty of the offence for which he was arrested, is a question of law for the Court, and the circumstance that the plaintiff was afterwards acquitted of the charge does not show that there was a want of probable cause for his arrest.

Defendant's agent caused the arrest of the plaintiff upon the charge of being unlawfully on the cars of the defendant in violation of the Act of 1892, ch. 397. *Held*, upon the facts of the case that defendant's agent had reasonable ground to believe that the plaintiff was guilty and that therefore the jury was properly instructed that there was not legally sufficient evidence of want of probable cause.

Appeal from the Court of Common Pleas (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER JJ.

*Ward P. Littig* (with whom was *Martiu G. Kenney* on the brief ), for the appellant.

*Duncan K. Brent* (with whom were *W. Irvine Cross* and *Hugh L. Bond, Jr.,* on the brief ), for the appellee.

FOWLER, J., delivered the opinion of the Court.

This appeal grows out of a suit for malicious prosecution. It appears from the evidence that Henry Campbell, a boy about seventeen years old, was arrested on a warrant sworn out by Daniel Scully, a special officer of the Baltimore & Ohio Railroad Company, charging him with being unlawfully on the cars of that company in violation of the Act of 1892, chap. 397. He was committed to jail in default of bail, was subsequently released on bail, tried in the Criminal Court of Baltimore City before a jury and acquitted ; whereupon this suit was brought against the Railroad Company in the Court of Common Pleas to recover damages for malicious prosecution and false arrest.

At the instance of the defendant the learned Judge below took the case from the jury and instructed them that no legally sufficient evidence of want of probable cause had been offered by the plaintiff. This instruction, of course, resulted in a verdict and judgment in favor of the defendant and the plaintiff has appealed.

During the trial four exceptions were taken by the plaintiff, two of them relating to the rulings of the Court upon the admissibility of testimony, one to the granting of the defendant's prayer, and the remaining one to the overruling of his special exception to that prayer. This exception is based upon the objection that the prayer submits questions of law to the jury as to what is probable cause, what is malicious prosecution and what is false arrest. We will briefly consider these exceptions in the order named.

1. During the cross-examination of the witness Scully, who caused the arrest of the plaintiff and who it is conceded for the purpose of this case was acting on behalf of the defendant, was asked whether he had any malice or reason of that kind for arresting the plaintiff. The objection of the plaintiff to the asking of this question was overruled by the Court. The propriety of this ruling constitutes the first exception.

It is apparent from the connection in which this question was asked as well as from the answer of the witness that the

word "malice" was here used in its ordinary and colloquial meaning and not in its legal sense as defined by the law relating to actions for malicious prosecutions and false arrest. In the former sense it is called malice in fact or express malice and its existence may be established by proof of actual bad feeling, personal hatred or ill will on the part of the defendant towards the plaintiff. But malice in its legal sense, as used in actions like this, "is not to be considered in the sense of spite or hatred against an individual, but of *malus animus*, and as denoting that the party is actuated by improper and indirect motives." *Johns* v. *Marsh*, 52 Md. 323. Or as defined by *Newell on Mal. Pros.*, ch. 71, sec. 7, p. 239, it means "a general wickedness of intent ; a depraved inclination to do harm or to disregard the rights or safety of mankind generally". It is said (*Poe Pl.*, sec. 194), that malice in fact, in contradistinction to legal malice, may always be shown by proof of actual bad feeling and personal hatred, and therefore when the plaintiff called the witness Scully to prove that he arrested the plaintiff and the circumstances under which the arrest was made it was clearly competent for the defendant to show that he was not actuated by any feeling of ill will in order to exclude an inference of malice in fact. The answer to the question demonstrates that the witness understood the question as it was explained to him at the time it was asked as referring to actual malice or ill will for he said he had no malice, because he did not know the plaintiff or any of the family. We find no reversible error in this ruling.

2. After the witness had answered the question just referred to, he was asked, in continuing the cross-examination, when he swore out the warrant, and what were the facts which led him to do it? The plaintiff's objection to this question was also overruled.

We think there can be no doubt the question was proper. It will be remembered that the witness under cross-examination had been called by the plaintiff to prove that he, at the instance of the defendant, and as its agent and officer, had made the arrest in accordance with certain printed general in-

structions.   He was not asked, however, nor did he state on his examination in chief the facts which induced him to make the arrest.   These facts undoubtedly form a part and a most important part of the transaction which was being inquired into and had a direct relation to one of the issues at least, namely, whether under all the circumstances the arrest was justifiable, in other words whether the defendant or its officer had probable cause for making the arrest.   It would have been most unfair to allow the plaintiff's witness to testify to the jury that the arrest was made, and prevent him from giving in evidence most important and necessary facts to show that so far from being illegal, the conduct of the officer was entirely justifiable.   If the cross-examination of a witness could be limited and confined as here proposed by the plaintiff, this important right would cease and very properly so, to be regarded as one of the principal, and most efficacious tests which the law has devised for the discovery of truth.   1 *Greenleaf on Ev.*, sec. 446.

3. The third exception relates to the granting of the defendant's prayer taking the case from the jury on the ground that there was no legally sufficient evidence of want of probable cause.   In the first place what is the well settled law in regard to this question?   The want of probable cause, it has often been said by this and many other Courts is a mixed question of law and fact.   As *to the existence* of the facts relied on to constitute the want of probable cause, *that* is a question for the jury; but *what will amount* to the want of probable cause in any case, is a *question of law* for the Court. *Boyd* v. *Cross*, 35 Md. 197.   In the opinion of this Court in the case just cited it is said "The jury, in our practice, are always instructed hypothetically as to what constitutes probable cause, or the want of it, leaving it to them to find the facts embraced in the hypothesis."   But in the case before us the controlling question is whether the testimony discloses any facts or circumstances from which it could be rationally inferred that Scully acted without reasonable cause to believe that the plaintiff was guilty of the violation of law for which

he was arrested. *Bowen* v. *Tascoe*, 84 Md. 497. This is a question of law for the Court and in considering it we must remember that the actual guilt or innocence of the plaintiff is immaterial, for even if it be conceded that he was innocent yet that fact is without value to show want of probable cause provided there is no legally sufficient evidence from which it can be rationally inferred that the arrest was made without reasonable cause. What then are the facts upon which the plaintiff relies to establish a want of probable cause? In the first place there is proof of acquittal and that in point of fact the plaintiff was not guilty of the charge on which he was arrested. But these facts, were of course, unknown to the defendant and its officer. The latter testified that as he and a companion officer thought they saw two persons or boys standing on the coal cars of the defendant—they retreated and approached in another direction in order to catch the boys. When they arrived at the place near where the boys were they saw them; one of them was standing there with a coal bucket in his hand filled with coal, and the other one, Henry Campbell (the plaintiff) was standing within four or five feet of the other boy whose name was Geidt; Geidt was arrested, but the plaintiff escaped by running away. Geidt told the officers that the plaintiff was the boy who had been on the car with him and gave information as to his own and the plaintiff's residence. This information as to residence, upon careful inquiry, the officers found to be correct. Upon this state of case, the arrest was made, and in our opinion, after a very careful examination of the testimony we have not found any fact or circumstance from which it could be rationally inferred that Scully made the arrest without reasonable cause to believe that Campbell was guilty of the charge on which he was arrested. The officer relied, and, we think, under the circumstances he had a right to rely, upon the information given to him by the plaintiff's companion. In *Boyd* v. *Cross, supra,* quoting from the opinion of JUSTICE WASHINGTON in *Munns* v. *Dupont,* 3 Wash. C. C. Rep. 31, it is said: "Courts and juries, and the law officers, whose duty it is to

conduct the prosecution of public offenders, must in most instances, if not in all, proceed upon the information of individuals; and, if these actions (for malicious prosecution) are too much encouraged—if the informer acts upon his own responsibility and is bound to make good his charge at all events, under the penalty of responding in damages to the accused, few will be found bold enough, at so great a risk, to endeavor to promote the public good. The informer can seldom have a full view of the whole ground, and must expect to be frequently disappointed, by evidence which the accused only can furnish. Even if he be possessed of the whole evidence, he may err in judgment; and in many instances, a jury may acquit, where to his mind the proofs of guilt were complete.'' These remarks apply with equal force to officers of the law whose duty it is to make the arrest.

4. But, finally it was contended that the granted prayer is bad in form because it submits questions of law to the jury. It does not, however, submit anything to the jury—either questions of law or of fact. They were told that the evidence offered by the plaintiff to prove an essential part of his case was not legally sufficient for that purpose and that, therefore, their verdict must be for the defendant. This we have already said, was, under the facts of this case, a proper instruction.

*Judgment affirmed with costs.*

(Decided June 29th, 1903.)