[L. A. No. 2762. Department Two.—March 29, 1912.]

## A. E. RUNO, Respondent, v. A. G. WILLIAMS, Appellant.

MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE.—The two essential facts which must concur to support an action for malicious prosecution are want of probable cause and malice, and the burden of proving both is upon the plaintiff.

ID.—MALICE IN FACT—EXISTENCE HOW INFERRED OR PROVEN—EVIDENCE TO REBUT.—Malice in fact is really the foundation of the action and is usually the pivotal point upon which it turns, and is always a fact directly in issue. Its existence may be inferred from want of probable cause for the prosecution or from acts or declarations of the defendant expressing or indicating prejudice, ill-will, or malicious motive in the matter of the prosecution. In whatever way it may be proved, it must be proved as a fact, and the defendant may introduce any competent evidence to show that he had probable cause for the prosecution or that if he did not have it he was not actuated by malice in doing so.

ID.—PROOF OF PROBABLE CAUSE — REASONABLE BELIEF IN TRUTH OF CHARGE.—In support of the defense of probable cause, it must appear that the defendant had reasonable grounds to believe and that, in fact, he did believe the charge he made was well founded. It is not sufficient that the facts and circumstances were such as to lead a reasonable and prudent man to believe that the offense charged was committed, but it must also appear that he acted upon them in an honest and reasonable belief that the plaintiff was guilty.

ID.—DEFENDANT MAY DIRECTLY TESTIFY TO WANT OF MALICE AND TO BELIEF OF GUILT.—In an action for malicious prosecution, the defendant may testify directly to the fact that he was not actuated by malice in instituting the prosecution and that when he did so he honestly believed in good faith that the plaintiff was guilty of the offense charged against him.

ID.—EVIDENCE OF INTENT, MALICE, OR MOTIVE.—Where the malice, intent, or motive of a party is under the issues in the case a material fact to be established, the testimony of the party himself directly to the point is competent evidence to prove it.

ID.—JURY JUDGE OF WEIGHT OF DEFENDANT'S EVIDENCE—JUDGE'S OPINION AS TO WEIGHT IMMATERIAL.—Error in the exclusion of such evidence on the trial before a jury is not rendered immaterial by the statement of the trial judge, in denying the defendant's motion for a new trial, that its admission could not have changed the result. It was for the jury to determine the credit, weight, and effect to be given to such evidence had it been admitted.

ID.—IMPROPER QUESTIONS ASKED DISTRICT ATTORNEY.—In such action questions asked the district attorney,—namely, Whether the facts

stated to him by the defendant preparatory to instituting the prosecution were the same as were developed upon the preliminary examination; whether any different facts material to the prosecution developed upon such examination than those which had been stated to him; whether the construction placed on the law by the magistrate in discharging the plaintiff was the construction which he put on the law when he advised the defendant to make the criminal complaint, and whether in his interviews with the defendant the latter had manifested a malicious and hostile disposition towards the plaintiff, were properly disallowed.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Riley & Hubbell, for Appellant.

Wright, Schoonever & Winnek, and E. D. McKee, for Respondent.

LORIGAN, J.—This action was brought to recover damages for malicious prosecution.

Plaintiff, a building contractor, and defendant, about April 1, 1909, made a verbal contract under which the former was to furnish the labor and material and build for the latter three houses and barns, referred to in the testimony as jobs 9, 12, 14. The contract price for each job—whether $1275 or an excess thereof—is in dispute between the parties, but for present purposes this is immaterial. On July 11, 1909, the building of one of the houses and barns—job 9—had been finished by plaintiff and accepted by defendant, and the other two were well on towards completion. On the day last referred to a dispute arose between plaintiff and defendant, brought about by the latter with reference, among other matters, to the contract price for constructing the houses, in the course of which he charged plaintiff with having "got" him for fifteen hundred dollars with reference to the contracts, though in what respect was not particularly mentioned. Prior to this the relations of the parties had been quite friendly.

On July 14, 1909, defendant swore to a complaint before a

justice of the peace charging plaintiff with embezzlement under section 506 of the Penal Code, which provides that "any contractor who appropriates money paid to him for any use or purpose other than for that which he received it is guilty of embezzlement." The complaint set forth that plaintiff and defendant entered into a contract to furnish labor and materials to build and construct the house heretofore referred to as having been completed (job 9) for the price of $1275; that defendant paid to plaintiff, between the 6th of April and the 22d of June, 1909, the sum of twelve hundred dollars for the use and purpose of paying a specified lumber company $620.75 for lumber used in the construction of said house, and for the use and purpose of paying a specified hardware company $165.75 for hardware and plumbing used and employed in said house, and to pay for other charges for labor and material which had been furnished defendant and used in the construction thereof; and that plaintiff paid to the lumber company only $300.75 of said $620.75, leaving a balance of $320.00 due and unpaid; that plaintiff did not pay to the hardware company the said $165.75 for the plumbing and materials so furnished and used in the construction of said house, but that said bill is wholly unpaid; that on June 1, 1909, the plaintiff feloniously and fraudulently appropriated to his own use the sum of $485.75 paid to him for the purpose of paying the bills of said lumber company and hardware company, and did thereby feloniously embezzle the same. On this criminal charge plaintiff was arrested and confined in the county jail for almost six days, when he gave bail. A preliminary examination was had covering several days, and on July 30, 1909, the plaintiff was discharged by the magistrate on the ground indorsed on the complaint, that no sufficient cause appeared to believe the plaintiff guilty of the offense charged in the complaint.

Plaintiff then brought this action, averring that the criminal charge against him and his arrest and prosecution thereunder were made by defendant and done maliciously and without probable cause; averred damages in the sum of $25,300 sustained through his imprisonment for nearly six days, the alleged destruction of his business as a contractor, the great grief, pain, and humiliation suffered through the malicious acts of defendant, and the payment of three hundred dollars

to counsel representing him at the preliminary hearing before the magistrate on the charge of embezzlement.

Defendant in his answer admitted the making of the criminal charge and the arrest, imprisonment, and prosecution of the plaintiff, but denied that the same was done maliciously and without probable cause; and averred affirmatively that the same was done with probable cause and without malice and in an honest belief on the part of defendant that the plaintiff had in fact committed the offense charged against him, and denied that plaintiff had sustained damage.

On the trial the evidence with respect to the issue of want of probable cause in making the criminal charge was mainly that of the respective parties to the action. Plaintiff testified that the only contract between himself and defendant was that the houses were to be built for $1375 each, with added charges for extras; that defendant was to deposit to his credit in the local bank such moneys on the contract as plaintiff required as the work progressed, and when he requested them; that no payments were made to plaintiff personally, but that checks were sent by defendant to the bank and the amounts, by arrangement between them, deposited to the credit of plaintiff and drawn against by him; that plaintiff never saw the checks sent to the bank by defendant; that the amounts claimed by defendant to have been embezzled by plaintiff were not paid by the defendant to the plaintiff for the purpose of paying lumber company or hardware company bills as charged in the criminal complaint, or for any specific purpose, but were paid into the bank on various dates and in different amounts on the several jobs of building that the plaintiff was doing for defendant under these building contracts, to be applied in meeting and discharging the indebtedness of the defendant to plaintiff and that at the time the criminal complaint was filed against him the defendant still owed him a balance of $925 on the house (job 9) referred to in the criminal complaint and to which the lumber bill and hardware bill related.

The defendant as a witness admitted that the payments to the plaintiff were made, not to him personally, but by sending checks to the bank as plaintiff requested money, but testified that said checks as agreed between them were deposited to the credit of plaintiff on the particular jobs marked on each check; that aside from checks for the other jobs he deposited

on May 6, 1909, to the credit of plaintiff on job 9 a check for five hundred dollars, and on June 22, 1909, a check for two hundred dollars; that the money represented by these checks and a prior check for five hundred dollars were deposited to the credit of plaintiff on job 9 and on plaintiff's demand for money to pay the lumber bill and hardware bill and other items asserted in the criminal complaint pertaining to that job, and for that express purpose, and that plaintiff did not use the money so paid and deposited to his credit to pay the hardware bill at all and made but a partial payment, as stated in the criminal complaint on the lumber bill.

He testified further that before making the criminal complaint he had called on the district attorney of San Diego County and stated to him the facts as they are set forth in the criminal complaint and was advised by the district attorney that upon those facts the plaintiff was guilty of embezzlement and advised his arrest; that the district attorney prepared the criminal complaint and defendant swore to it.

On cross-examination defendant admitted that he had not told the district attorney that he had made these payments to the plaintiff by depositing them to his credit in the bank or that during the dispute between them a few days prior to making the complaint the plaintiff had offered to submit any grievances asserted by defendant and all differences between them to arbitration by disinterested persons. In this same connection it is claimed that by the testimony of the defendant himself and as otherwise appearing, the defendant did not make a full and fair disclosure of the facts to the district attorney as he knew them to exist when he consulted him as to the prosecution of the plaintiff.

The district attorney testified that upon the facts stated to him by the defendant he advised defendant that plaintiff was guilty of felony embezzlement and drew the criminal complaint sworn to by defendant; that after the discharge of plaintiff on the preliminary examination he advised the defendant to bring the matter to the attention of the grand jury when it convened; that he notified the defendant after the grand jury met and appeared with defendant before that body, but nothing appears to have resulted therefrom.

Aside from the altercation, in detailing which plaintiff stated that defendant threatened physical violence and at-

tempted to carry it into execution on July 11, 1909, the plaintiff offered testimony to show that defendant had, after the discharge of the plaintiff on the preliminary hearing, stated to a person for whom plaintiff had built a house that a lien had been placed on it, when in fact it had not. About a week or two after the preliminary examination a lumber dealer who had supplied materials for one of the houses called on defendant for payment of a bill for lumber supplied to plaintiff. He testified that the correctness of his bill coming up in the discussion and the plaintiff being referred to, the defendant made certain statements from which the witness inferred that defendant did not think plaintiff honest; that "he thought Runo ought to be behind the bars and that he would get him there yet." This testimony was introduced by plaintiff to show express malice on the part of the defendant towards plaintiff in making the criminal charge, and is the principal, if not the only, evidence on the issue of malice, save the inference thereof which the jury would be warranted in drawing from the finding of want of probable cause, in making the criminal complaint. Defendant did not testify respecting the statements attributed to him, but denied any attempt to inflict violence upon plaintiff during their dispute.

There was other evidence in the case, but what we have recited is sufficient for the consideration of the principal points involved in this appeal.

As to the rule for assessing damages the jury were instructed that if their verdict should be for plaintiff they might assess not only actual damages but also exemplary damages which are administered at law by way of example.

The jury returned a general verdict in favor of plaintiff for five thousand dollars.

Defendant moved for a new trial and the court ordered that unless plaintiff remitted one half of the judgment and all accumulated interest the motion would be granted. Plaintiff filed the required remission and the motion for a new trial was thereupon denied. Defendant appeals from the judgment and the order denying his motion for a new trial.

It is claimed by appellant that the evidence is insufficient to sustain the verdict. We do not pursue this matter. It is sufficient to say that the evidence here was, as it is usually in contested cases, in conflict on all material issues and that

being the situation this court has no jurisdiction to disturb the verdict.

The principal complaint of appellant is as to certain rulings of the court on the admission of testimony and respecting instructions to the jury.

When the defendant was on the stand after testifying as to the facts and circumstances upon which he claimed the criminal charge made by him against the plaintiff was based, he was asked by his counsel: "What was your motive and reason for instituting the criminal prosecution against Mr. Runo?" Further, "Whether in instituting the criminal prosecution you were actuated by malice, hatred or ill feeling or whether you were actuated by an honest belief that he was guilty of the offense that you charged against him?" Still further, whether, "When you instituted the criminal prosecution you honestly believed in good faith that he was guilty of the offense as charged against him?" Objections to these questions on the ground that they called for the opinion and conclusion of the witness and were incompetent, irrelevant, and immaterial were sustained. These rulings are assigned as error and we are satisfied that the assignment is well taken.

The two essential facts which must concur to support an action for malicious prosecution are want of probable cause and malice and the burden of proving both is upon the plaintiff. Malice in fact is really the foundation of the action and is usually the pivotal point upon which the action turns. It is always a fact directly in issue. Its existence may be inferred by the jury from want of probable cause for the prosecution or from acts or declarations of the defendant expressing or indicating prejudice, ill-will or malicious motive in the matter of the prosecution. The want of probable cause does not raise a legal presumption of malice; the law presumes nothing on that issue any more than it does on any other issue of fact in a civil action. The jury may, however, if they find that there was no probable cause for the prosecution infer malice therefrom, although malice is not a necessary inference to be deduced therefrom. But in whatever way it may be proven, whether by inference from want of probable cause or by acts or declarations of the defendant manifesting prejudice or ill-will, it must be proven as a fact. This being true, and it being equally true that whatever the plaintiff

must prove, the defendant may disprove, the latter has an unquestioned right to introduce any competent evidence to show that he had probable cause for instituting the criminal prosecution or that even if he did not have, he was not actuated by malice in doing so. It is to be noted in this connection that in support of the defense of probable cause, it must appear that the defendant had reasonable grounds to believe and that, in fact, he did believe the charge he made was well founded. It is not sufficient that the facts and circumstances were such as would lead a reasonable and prudent man to believe that the offense charged was committed, but it must also appear that he acted upon them in an honest and reasonable belief that the plaintiff was guilty. Probable cause is, in effect, the concurrence of the belief of guilt with the existence of facts and circumstances reasonably warranting the belief. (*Harkrader* v. *Moore,* 44 Cal. 144; *Dawson* v. *Schloss,* 93 Cal. 194, [29 Pac. 31].)

It is apparent, therefore, that a belief in the guilt of the plaintiff as to the offense charged was one of the relevant and pertinent facts to be shown by the defendant in support of his claim of probable cause in making the accusation.

Nor can it be claimed that in addition to proof of his honest belief in the guilt of the plaintiff, it is not equally pertinent on the distinct issue of malice for the defendant to show such belief and his reason, motive, and good faith in making the criminal charge.

As a general proposition the right of a defendant to present evidence on these matters as bearing on the issues of probable cause and malice may not be disputed and the only question is must the state or condition of mind of the defendant, respecting belief, motive, and good faith be restricted to proof of acts and circumstances accompanying or surrounding the accusation, or in addition thereto, is the defendant a competent witness to testify directly respecting them. Under the uniform rule of the authorities he unquestionably is.

The rule is well settled in this state and other jurisdictions that where the malice, intent, or motive of the party is under the issues in the case a material fact to be established, the testimony of the party himself directly to the point is competent evidence to prove it. (*Mowry* v. *Raabe,* 89 Cal. 606, [27 Pac. 157]; *Fleet* v. *Tichenor,* 156 Cal. 343, [34 L. R. A.

(N. S.) 323, 104 Pac. 458]; *Walker* v. *Chanslor,* 153 Cal. 118, [126 Am. St. Rep. 61, 17 L. R. A. (N. S.) 455, 94 Pac. 606]; *Barnhart* v. *Fulkerth,* 93 Cal. 497, [29 Pac. 50]; *Kyle* v. *Craig,* 125 Cal. 107, [57 Pac. 791].) The case nearest in character to the one here where the rule was applied is *Fleet* v. *Tichenor,* 156 Cal. 343, [34 L. R. A. (N. S.) 323, 104 Pac. 458] an action for damages for slander where it is said: "The trial court sustained objection to two questions asked the defendant as to whether or not she was actuated in anything she had said or done by any wish or desire or any design or purpose to injure plaintiff. The questions were proper, both to show absence of actual malice for the purpose of avoiding exemplary damages and under the defense of privileged communication, and the court erred in overruling them. The general rule is well settled that, under our system, a witness may be examined as to the intent with which he did a certain act, when that intent is a material thing in the action. A jury or trial judge is not bound, of course, to believe the witness when he says he did not have a certain intent, but may find in the circumstances, actions and language an entirely different intent, but the testimony of the witness 'is competent and relevant and not immaterial.' " So in this case, as we have pointed out, the direct testimony of the defendant as to his belief, motive, and intent in making the criminal charge was competent evidence on the question of malice in fact, and pertinent also to his defense of the existence of probable cause for the prosecution.

The general rule announced is the one obtaining in other jurisdictions and applied in numerous cases where the actions were, as here, for malicious prosecution and the questions put to the defendants were practically identical with those which were asked of the defendant in this case. In the following cases the direct question put to the defendant was whether when he made the complaint he believed it to be true or believed plaintiff guilty: *Spalding* v. *Lowe,* 56 Mich. 366, [23 N. W. 46]; *Garrett* v. *Mannheimer,* 24 Minn. 193]; *Sparling* v. *Conway,* 75 Mo. 510; *Turner* v. *O'Brien,* 5 Neb. 542; *McKown* v. *Hunter,* 30 N. Y. 625; *White* v. *Tucker,* 16 Ohio St. 468. In the following cases the direct inquiry was made of defendant as to his motive in making the charge: *Flickenger* v. *Wagner,* 46 Md. 600; *Leak* v. *Carlisle,* 75 N. Y. Supp. 382;

*Schwarting* v. *Van Wie etc. Co.*, 60 App. Div. 475, [69 N. Y. Supp. 978]. In others the direct inquiry put to the defendant was whether in making the charge he was actuated by malice or ill-will: *Coleman* v. *Herwick*, 2 Mackey, (D. C.) 189; *Campbell* v. *Baltimore & O. R. R. Co.*, 97 Md. 341, [55 Atl. 532]; *McCormack* v. *Perry*, 47 Hun, (N. Y.) 71; *Heap* v. *Parrish*, 104 Ind. 36, [3 N. E. 549]. In the case of *Van Sickle* v. *Brown*, 68 Mo. 627, the direct question asked of defendant was whether he acted in good faith in making the charge, and in *Sherburne, Admr. etc.* v. *Rodman*, 51 Wis. 479, [8 N. W. 414], the court was considering rulings upon direct questions asked the defendant upon all of the above matters in the same manner in which they were directed to the defendant in this case.

In all the cases cited (without quoting from them) the right to make the direct inquiry on these matters was sustained on appeal or the cases were reversed for refusing to permit answer to such direct inquiries. (See, also, 3 Elliott on Evidence, sec. 2479.)

In their brief counsel for respondent fail to make any argument or to cite any authority sustaining the ruling of the trial court on these questions. Their position on the subject simply is that "the appellant was permitted to present every fact and circumstance tending to show his motive." The complete answer to this suggestion is, as we have just pointed out, that the court erroneously refused to permit him to introduce competent evidence on this very material subject. It is further suggested that the trial court decided on the motion for a new trial that in view of all the other evidence, any statement of appellant as to his motive could not change the result. Any decision to that effect does not appear in the record and would be of no consequence if it did. The evidence was competent and material to go before the jury and defendant had the right to have the jury determine, as is their exclusive province, the credit, weight, and effect to be given to it, and not the court.

It is further claimed by appellant that the court erred in refusing to allow the district attorney of San Diego to answer several questions. The latter testified that he had been consulted in his official capacity by the defendant, that the latter made a statement of the facts and upon them he advised him

that the plaintiff was guilty of embezzlement; that he drafted
the complaint which defendant swore to and prosecuted the
charge before the committing magistrate. On the objection
of the plaintiff he was not permitted to testify as to what
statement of facts defendant made to him. While defendant
reserved an exception to this ruling no point is made respect-
ing it on this appeal. His complaint is as to other rulings
on questions asked the district attorney,—namely: Whether
the facts stated to him were the same as were developed upon
the preliminary examination; whether any different facts
material to the prosecution developed upon such examination
than those which had been stated to him; whether the con-
struction placed on the law by the magistrate in discharging
plaintiff was the construction which he put on the law
when he advised the defendant to make the criminal com-
plaint; and whether in his interviews with the defendant the
latter manifested a malicious and hostile disposition towards
plaintiff. The court sustained objections to all these ques-
tions. We perceive nothing wrong with the rulings and noth-
ing is suggested by counsel for appellant in their support
except that the testimony which he sought to elicit had a
bearing on the question of the good faith of the defendant.
But none of it could possibly have any relation to that question
save that the last inquiry, as an inquiry, is addressed to the
matter. We are satisfied, however, that proof on that subject
could not be made in the manner attempted.

Appellant also complains of certain instructions by the
court because he asserts that thereunder the court left it to
the jury to determine for themselves whether the facts proved,
did or did not establish a want of probable cause instead of
embracing in the instructions the facts which the evidence
in the case tended to prove, and then instructed the jury that
"as from the evidence they should find the facts which, in the
opinion of the court, would or would not be sufficient to show
probable cause, their verdict should be for or against the
defendant." (*Ball* v. *Rawles,* 93 Cal. 222, [27 Am. St. Rep.
174, 28 Pac. 937].) We will devote no time to this subject
or to a consideration of the claim of respondent that when
all the instructions are considered it is apparent that the jury
were properly instructed.

The law is clearly and definitely settled how a jury shall be

instructed in the cases of this character, (*Grant* v. *Moore,* 29 Cal. 644; *Harkrader* v. *Moore,* 44 Cal. 144; *Eastin* v. *Bank of Stockton,* 66 Cal. 123, [56 Am. Rep. 77, 4 Pac. 1106]; *Fulton* v. *Onesti,* 66 Cal. 575, [6 Pac. 491]; *Ball* v. *Rawles,* 93 Cal. 222, [27 Am. St. Rep. 174, 28 Pac. 937]; *Smith* v. *Liverpool Ins. Co.,* 107 Cal. 433, [40 Pac. 540]; *Scrivani* v. *Dondero,* 128 Cal. 31, [60 Pac. 463]), and as this case must go back for a new trial, the parties and the court on a consideration of these authorities should have no difficulty whatever in formulating and giving to the jury clear and definite instructions governing ·their duties in considering their verdict.

For the error in refusing to permit defendant to testify directly on the subject of his belief, good faith, and motive in making the criminal charge as bearing on the issues of both probable cause and malice, the judgment and the order denying a new trial are reversed.

Henshaw, J., and Melvin, J., concurred.