[Civ. No. 3487. Second Appellate District, Division One.—April 15, 1921.]

CECIL FRANKLIN, Respondent, v. BEN D. IRVINE, Appellant.

[1] MALICIOUS PROSECUTION—PROBABLE CAUSE—INSTRUCTIONS.—In an action for damages for malicious prosecution it is not sufficient for the court to give to the jury a definition of probable cause and instruct them to find for or against the defendant according as they may determine that the facts are within or without that definition, but the court should group in its instructions the fact which the evidence tends to prove, and then instruct the jury that if they find such facts established there was or was not probable cause, as the case may be, and that their verdict must be accordingly.

[2] ID.—JUSTIFICATION—HONEST BELIEF OF GUILT.—The fact that a plaintiff who seeks to recover damages for malicious prosecution of a criminal charge against him was not guilty of the offense charged is not alone sufficient to entitle him to recover damages, for if the facts within the knowledge of the defendant were of such a character as to induce in the mind of a reasonable man the honest belief that a crime was committed, he is justified in seek-

ing to have such crime punished, even though such facts did not in point of law constitute a crime.

[3] ID.—ESSENTIALS OF OFFENSE—ERRONEOUS INSTRUCTION—OMISSION OF WANT OF PROBABLE CAUSE.—An instruction in an action for malicious prosecution of criminal charges against the plaintiff, that if it should be found that complaints issued, plaintiff was arrested, placed under bond and thereafter the action was dismissed, there was sufficient prosecution which, coupled with malice, constituted malicious prosecution, was erroneous in that it omitted the necessary element of want of probable cause.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

W. J. Ford and Frank Birkhauser for Appellant.

Joseph F. Seymour, Jr., Wilbur W. Randall and Walter B. Kibbey for Respondent.

CONREY, P. J.—Action to recover damages on account of malicious prosecution of two criminal charges against the plaintiff. The defendant appeals from the judgment.

The assignments of error are directed to certain instructions given by the court to the jury and to the refusal of other instructions requested by the defendant. Without passing on all of the points presented in support of the appeal, it will be sufficient to select for discussion those hereinafter mentioned.

[1] Appellant requested that the jury be instructed as follows: "If from the evidence in this case you believe that prior to the twenty-eighth day of October, 1918, the plaintiff, Cecil Franklin, had done acts or had so conducted himself as to lead a reasonable man to believe that he would be in danger in resisting the acts of said Cecil Franklin under the circumstances disclosed by the evidence to have existed on the twenty-eighth day of October, 1918, and if you further believe from the evidence that the defendant on such date had reason to believe, and did believe, that he was the owner of certain property in the possession of him, the said defendant, and that said property was taken away from said defendant by the said plaintiff, and that the said defendant was then and there in

fear of said plaintiff, which fear prevented him from resisting the acts of said plaintiff, and if you further believe that said defendant fairly presented the foregoing facts to the district attorney of Imperial County and acted upon the advice of such district attorney in filing the criminal complaint of robbery set forth in count I of this complaint, or in filing the complaint of larceny set forth in count II of this complaint, then I instruct you as a matter of law that the defendant had under such circumstances probable cause for the filing of such complaint or complaints, as the case may be, and your verdict must be for the defendant, whether there be proof of malice or not.'' Evidence had been presented tending to prove all of the conditions set forth in the proposed instruction, and since the instruction correctly states the law, it should have been given. In an action of this kind it is not sufficient for the court to give to the jury a definition of probable cause and instruct them to find for or against the defendant according as they may determine that the facts are within or without that definition. ''Such an instruction is only to leave to them in another form the function of determining whether there was probable cause. The court cannot divest itself of its duty to determine this question, however complicated or numerous may be the facts. It must instruct the jury upon this subject in the concrete, and not in the abstract, and must not leave to that body the office of determining the question, but must itself determine it, and direct the jury to find its verdict in accordance with such determination. The court should group in its instructions the facts which the evidence tends to prove, and then instruct the jury that if they find such facts to be established, there was or was not probable cause, as the case may be, and that their verdict must be accordingly.'' (*Ball* v. *Rawles,* 93 Cal. 222, 228, [27 Am. St. Rep. 174, 28 Pac. 937, 938]; *Runo* v. *Williams,* 162 Cal. 444, 454, [122 Pac. 1082].) The error of the court in refusing this requested instruction is not cured by the fact that the court refused to give another instruction on facts constituting probable cause as requested by the plaintiff. Respondent insists that the subject matter of the instruction requested by appellant was included in other instructions given by the court. We have examined these other instruc-

tions as set out in respondent's brief. They do not supply any sufficient substitute for the rejected instruction.

The court instructed the jury as follows: "I instruct that one of the elements of both of the crimes charged against the plaintiff is intent, unless you believe from the evidence that plaintiff intended to take from defendant meat belonging to defendant or to which he was entitled to possession, and the defendant honestly believed that plaintiff intended to deprive defendant of the use of the same, there was no probable cause for the arrest and prosecution of plaintiff." The contention of appellant must be sustained, that this instruction in effect informed the jury that in addition to defendant's honest belief that plaintiff intended to deprive defendant of his property, the plaintiff must actually "have intended to take from defendant meat belonging to defendant" and that otherwise there was no probable cause for the arrest and prosecution of the plaintiff. [2] The fact that a plaintiff who seeks to recover damages for malicious prosecution of a criminal charge against him was not guilty of the offense charged is not alone sufficient to entitle him to recover damages. If the facts within the knowledge of the defendant were of such a character as to induce in the mind of a reasonable man the honest belief that a crime was committed, he is justified in seeking to have such crime punished, even though the facts within his knowledge did not in point of law constitute a crime. (*Dunlap* v. *New Zealand etc. Co.*, 109 Cal. 365, 370, [42 Pac. 29].) In the case at bar, in addition to giving the instruction above noted, the court refused to give other instructions requested by appellant correctly stating the rule that to justify an arrest on a criminal charge, it is not necessary that in fact the crime shall have been committed. The error complained of in the instruction given may have been mitigated, but we are not satisfied that its effect upon the minds of the jurors would necessarily be neutralized, by the following instruction: "In seeking the advice of the district attorney, you are instructed that the defendant is required only to disclose all the facts which are within his knowledge, or which he has reasonable grounds to believe do exist. He is not required to investigate possible defenses which might thereafter be made by the proposed defendant in a criminal case. If he does make a full, fair,

and complete disclosure of all the material facts known to him, and acts upon the advice of the district attorney in filing such criminal complaint, it is a complete defense and your verdict must be for the defendant.''

[3] The court instructed the jury as follows: ''In order to constitute malicious prosecution it is not essential that there should have been a trial. If you find from the evidence that complaints issued, plaintiff was arrested, placed under bond, and thereafter the action was dismissed, there was sufficient prosecution which, coupled with malice, constituted malicious prosecution.'' The defect in this instruction is that it informed the jury that upon proof of the facts stated, coupled with malice, these facts alone were sufficient to constitute malicious prosecution. The necessary element of want of probable cause was omitted. It is true, however, that the court elsewhere instructed the jury that both want of probable cause and malice must exist before the plaintiff would be entitled to a verdict in his favor. From our examination of the instructions, together with the evidence, it seems reasonably probable that the errors which we have found in the instructions were seriously prejudicial to appellant. It is not at all certain that under correct instructions the same verdict would have been rendered.

The judgment is reversed.

Shaw, J., and James, J., concurred.